**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DUANE R. SWITZER,

     Petitioner - Appellant,

v.

RICK BERRY; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 99-1241

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 98-Z-2636)**

Submitted on the briefs:[*]

Duane Switzer, *pro se*.

Before **TACHA**, **BRORBY**, and **MURPHY**, Circuit Judges.

**TACHA**, Circuit Judge.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.     *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Duane Switzer, *pro se*, appeals from the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Switzer requests a certificate of appealability (COA), which we deny.

## I.

Mr. Switzer was indicted in Colorado under a "reverse sting" for purchasing cable boxes, which he believed were stolen, from an undercover agent. He pled guilty to theft by receiving and attempted theft by receiving in violation of C.R.S. §§ 18-4-410, 18-2-101. He was sentenced to concurrent 6- and 4-year prison terms and was fined $9900. In addition, Mr. Switzer defaulted in a subsequent civil forfeiture action under Colorado's public nuisance statute, and judgment was entered against him in the amount of $29,487.77. His criminal conviction and sentence were affirmed on direct appeal. The state trial court denied his post-conviction Rule 35 motion. That denial was affirmed by the Colorado Court of Appeals. The Colorado Supreme Court then denied Mr. Switzer's petition for writ of certiorari.

## II.

In his amended federal habeas petition, Mr. Switzer claimed various due

process and double jeopardy violations.[1] The district court first noted that Mr. Switzer had raised only one of his habeas claims – outrageous governmental conduct – in his petition for certiorari to the Colorado Supreme Court. Therefore, the district court found that Mr. Switzer's other claims were not fully exhausted. Nevertheless, the district court denied Mr. Switzer's petition on the merits.

Mr. Switzer first argued to the district court that he was denied due process because of outrageous governmental conduct. He contended that the state statute prohibiting theft by receiving allows the police to create crimes where none otherwise exist by misrepresenting that the property is stolen. Second, Mr. Switzer claimed that he was denied due process because the trial court failed to inquire into the factual basis for his guilty plea. Finally, Mr. Switzer argued that he was subjected to double jeopardy because he received a fine as a result of his criminal conviction and Colorado pursued a civil forfeiture action against his

---

[1] In his memorandum in support of his application for a COA, Mr. Switzer argues that he also raised an ineffective assistance of counsel claim which the district court did not address. However, ineffective assistance of counsel is not listed in either his initial habeas corpus petition or his amended petition before the district court. An ineffective assistance of counsel claim appears only as an unexplained and unsupported allegation in two state court pleadings attached to the memorandum in support of his petition. These oblique references to ineffective assistance of counsel did not raise the issue before the district court, and therefore did not preserve the issue for appeal. *Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998) (discussing a theory only in a vague and ambiguous way below is not adequate to preserve issue for appeal) (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721-22 (10th Cir. 1993)).

assets based upon the same set of facts.

Citing *United States v. Mosley*, 965 F.2d 906, 910 (10th Cir. 1992), the district court held that Mr. Switzer's outrageous governmental conduct claim was without merit. The district court reasoned that Mr. Switzer's crime was the result of his own mistake of fact – believing the boxes were stolen when they were not. This mistake of fact, even though based on governmental deception, did not rise to the requisite level of outrageous governmental conduct.

Next, the district court found that despite Mr. Switzer's contention to the contrary, the state trial court judge explicitly inquired into the factual basis for Mr. Switzer's guilty plea. Thus, the district court held that the state court properly established the factual basis of Mr. Switzer's plea and did not deny Mr. Switzer due process.

Finally, the district court denied Mr. Switzer's double jeopardy claim. The district court held that under *United States v. Ursery*, 518 U.S. 267, 287-88 (1996), "civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause" even when the forfeiture is based upon the same set of facts as a parallel criminal proceeding.

The district court declined to issue a COA, and Mr. Switzer submitted an application in this court. Mr. Switzer bases his application on the premise that "no Article III judge actually read his Application for Writ of Habeas Corpus.

Petitioner was denied Due Process by the federal court itself." Appellant's Petition for Certificate of Appealability filed May 24, 1999, at 2 (emphasis in original). In his memorandum in support of the COA and in a second application for COA, he also addresses his ineffective assistance of counsel, due process and double jeopardy claims.

**III.**

Before we review the merits of this appeal, we address, *sua sponte*, whether this panel must recuse itself from this case. We conclude that under the "rule of necessity" we are not compelled to do so.

Several months before he filed this habeas action, Mr. Switzer filed suit under 28 U.S.C. § 1983 against various city, county, state, and private individuals and entities associated with the "reverse sting" operation for which he was convicted. *Switzer v. Jones*, No. 98-CV-543 (D. Colo. filed Mar. 5, 1998). The district court granted summary judgment in favor of all but two of the defendants. As to the two remaining defendants, the district court granted summary judgment in their favor on all but one of Mr. Switzer's claims and ordered Mr. Switzer to file an amended complaint. Mr. Switzer immediately appealed to this court. We dismissed the appeal for lack of jurisdiction and remanded. *Switzer v. Jones*, No. 99-1180, Order (10th Cir. June 30, 1999). The district court dismissed Mr. Switzer's complaint without prejudice in light of his continuing failure to file

an amended complaint. Mr. Switzer then appealed the district court's final order. *Switzer v. Jones*, No. 99-1508 (10th Cir. filed Nov. 3, 1999). That appeal is currently in pre-briefing status in this court.

After we dismissed his § 1983 appeal and remanded that matter to the district court, Mr. Switzer filed a civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. *Switzer v. Coan*, No. 99-1705 (D. Colo. filed Aug. 27, 1999). He named as defendants all the active and senior judges of this court, two district court judges of the federal District Court for the District of Colorado, a district court magistrate judge, the U.S. Attorney for Colorado, the Clerk of the Tenth Circuit, and the Tenth Circuit's Chief Staff Counsel. In the complaint, Mr. Switzer alleges that the defendants to the RICO action conspired to obstruct justice. He theorizes that because he is a *pro se* litigant, "Article III judges" did not read the filings in his § 1983 and § 2254 actions. In addition, he claims that the RICO defendants did not read the orders and judgments issued in his *pro se* case because such documents are routinely authored by law clerks and staff attorneys and are signed by judges without review.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. "The test is whether a reasonable person, knowing all the relevant facts, would harbor

doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citation omitted); *United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1992) (same). Thus, under ordinary circumstances, the judges on this panel might have recused in light of their status as defendants in Mr. Switzer's RICO lawsuit.

However, the statutory guidance for recusal must also be read in light of the judges' "duty to sit" on cases filed with the court. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) ("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require"); *United State v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994) (same); *In re American Ready Mix (Lopez v. Behles)*, 14 F.3d 1497, 1501 (10th Cir. (1994) (same); *Hinman* at 939 (same). This court has long held that "'section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Cooley* at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (further citations omitted); *accord Nichols* at 351. Moreover, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley* at 993.

Amplifying the judges' duty to sit on cases brought to the court, under the "rule of necessity," a judge is qualified to decide a case even if he or she would

normally be impeded from doing so, when "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980) (citation and internal quotation marks omitted); *see Pilla v. American Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) (stating that under rule of necessity, "where all are disqualified, none are disqualified") (citation omitted); *Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936) ("From the very necessity of the case has grown the rule that disqualification will not be permitted to destroy the only tribunal with power in the premises.").

In a similar case to the one before us today, the Second Circuit recently held that where all the active and senior judges in the circuit were sued indiscriminately in a RICO action, under the rule of necessity neither the court nor the panel was "disqualified from hearing and resolving [the] appeal." *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999). Even though it was "possible to convene a disinterested panel in another circuit," the Second Circuit was not required to transfer the case "where appellant [had] indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of [appellant's other] appeals." *Id.*; *see Liteky v. United States*, 510 U.S. 540, 554-56 (1994) (finding that litigants should not be able to obtain a recusal simply by bringing a meritless action against a judge); *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (same); *In re City of Houston*, 745

-8-

F.2d 925, 930-31 n.9 (5th Cir. 1984) (an otherwise disqualified judge can invoke the rule of necessity to hear a case when all judges in his district are disqualified, even if there are qualified judges in other districts); *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) ("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in [this district] until their case is transferred out of the Seventh Circuit."), *aff'd*, 894 F.2d 1338 (7th Cir. 1990). We agree.

We hold that under our duty to sit and the rule of necessity, a lawsuit brought indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner. Our holding applies both to appeals in which the judges are named and to associated or subsequent appeals in which the plaintiff/petitioner is a party but the judges are not named. Thus, neither this court nor this panel is disqualified from hearing and resolving this appeal.

**IV.**

After careful review, we conclude that Mr. Switzer has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2243(c)(2). The district court's dismissal of Mr. Switzer's habeas corpus

petition for lack of merit does not deserve further proceedings, is not subject to a different resolution on appeal, and is not reasonably debatable among jurists of reason. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Accordingly, we DENY Mr. Switzer's request for a certificate of appealability. The appeal is DISMISSED.