**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DUANE R. SWITZER,

          Plaintiff-Appellant,

v.

SCOTT L. JONES; TOM
LEADABRAND; RONALD C.
SLOAN; RICHARD W. THOMPSON;
STEPHEN GRISHAM; CITY OF
ARVADA, COLORADO; CITY AND
COUNTY OF DENVER,
COLORADO; JAMES D.
ZIMMERMAN; MORRIS B.
HOFFMAN; RAYMOND N.
SATTER; DENVER DISTRICT
COURT; JEFFERSON COUNTY
DISTRICT COURT; COLORADO
COURT OF APPEALS; COLORADO
SUPREME COURT; TCI OF
COLORADO, INC.; GALE A.
NORTON,

          Defendants-Appellees.

No. 99-1508
(D.C. No. 98-B-543)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Duane Switzer appeals the district court's dismissal of his 42 U.S.C. § 1983 claims. He alleges the defendants violated his civil rights in connection with his conviction in Colorado for purchasing stolen cable converter boxes from undercover police officers and the subsequent forfeiture of his property under Colorado's public nuisance statute. The defendants include Colorado state judges; county district courts; county district attorneys; several municipalities; police officers from these municipalities; the Colorado Attorney General; the Colorado Court of Appeals; the Colorado Supreme Court; and TCI of Colorado. On recommendation of the magistrate judge, the district court dismissed claims under Fed. R. Civ. P. 12(b)(6) against all but two defendants. The district court dismissed all but one claim against these two defendants. Based on the magistrate judge's recommendation that plaintiff could state a claim for relief under the Fourteenth Amendment against the City and County of Denver and Denver police detective Richard Thompson if he amended his complaint to include certain factual allegations, the district court dismissed plaintiff's

Fourteenth Amendment claim against these defendants without prejudice, ordering plaintiff to file an amended complaint. Although the district court repeatedly warned plaintiff that his action would be dismissed if he did not file an amended complaint stating a claim, plaintiff never filed an amended complaint. [1] Based on plaintiff's continuing failure to file an amended complaint, the district court dismissed plaintiff's action without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

Although the district court's order of dismissal was without prejudice, we conclude it was a final, appealable order because it is clear that the district court intended to dismiss the entire action, rather than simply the complaint. *See Mobley v. McCormick*, 40 F.3d 337, 339-40 (10th Cir. 1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM substantially for the

---

[1] Plaintiff immediately appealed the district court's order, which was dismissed by this court for lack of a final, appealable order. *See Switzer v. Jones*, No. 99-1180, Order (10th Cir. June 30, 1999).

reasons given by the magistrate judge, R. Doc. 61, and the district court, *id.*, Doc. 68 and 86. [2] The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2]    Although plaintiff has filed a Racketeer Influenced and Corrupt Organizations Act civil action against all active and senior members of this court, which is pending in the United States District Court for the District of Colorado, this panel is not required to recuse itself because of the court's duty to sit, and the "rule of necessity," whereby a judge is qualified to decide a case, even if he or she would normally be impeded from doing so for impartiality reasons, when the case cannot be heard otherwise. *See Switzer v. Berry*, 198 F.3d 1255, 1257-58 (10th Cir. 2000).

-4-