**Anthony KIPEN, Plaintiff–Appellant,**

v.

**David M. LAWSON, Judge,
Defendant–Appellee.**

**No. 02–2146.**

United States Court of Appeals,
Sixth Circuit.

March 13, 2003.

Before COLE, GILMAN, and
BRIGHT,* Circuit Judges.

*ORDER*

Anthony Kipen, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights complaint, filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $15,500,000 as well as declaratory and injunctive relief, Kipen filed this action against the federal district court judge who was assigned to his petition for a writ of habeas corpus. Kipen alleged that defendant had delayed ruling on his petition, which had been filed in February

2001. Kipen had previously filed a mandamus petition in this court seeking the issuance of the writ on the basis that the respondent had failed to file a timely response to the petition. The petition for mandamus relief was denied. This complaint was filed in May 2002.

The district court screened the complaint and dismissed it for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), and denied Kipen's motion for reconsideration. This appeal followed. Kipen argues that defendant is not entitled to absolute immunity because his actions were either criminal or administrative in nature.

Upon consideration, we conclude that this complaint was properly dismissed for failure to state a claim for the reasons stated by the district court. Control of the docket is a function for which judges are entitled to absolute immunity. *Doyle v. Camelot Care Ctrs., Inc.,* 305 F.3d 603, 622–23 (7th Cir.2002); *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir.1997). Absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive relief. *Bolin v. Story,* 225 F.3d 1234, 1240–42 (11th Cir. 2000). Moreover, as the district court noted in its order denying Kipen's motion for reconsideration, the request for injunctive relief was moot by the time this case was finally disposed of, as defendant had issued a decision denying the petition for habeas corpus relief. *Kipen v. Renico,* 2002 WL 1041325 (E.D.Mich. May 14, 2002).

Kipen argues on appeal that defendant's actions in this case were administrative rather than judicial, citing *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). However, *Forrester*

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

holds that a judicial act is one which occurs in the context of resolving disputes between parties. *Id.* Matters such as setting dates for hearings, which affect the rights of individual parties in specific proceedings, are examples of paradigmatic judicial acts. *Mann v. Conlin,* 22 F.3d 100, 104 (6th Cir.1994). Kipen's remaining argument, that defendant is not entitled to immunity because his actions were criminal in nature, is totally frivolous.

Accordingly, the order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.