**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FARAMARZ MEHDIPOUR,

        Plaintiff - Appellant,

v.

THE OKLAHOMA COURT OF
CIVIL APPEALS, Division Number
One, THE HONORABLE CARL B.
JONES, JAMES P. GARRETT; and
KENNETH B. BUETTNER, Judges
of said Court; THE OKLAHOMA
COUNTY DISTRICT COURT, THE
HONORABLE BRYAN C. DIXON
and NILES JACKSON, Judges of
said Court,

        Defendants - Appellees.

Nos. 01-6420 & 02-6035
(D.C. No. 01-CV-335-MLB)
(W.D. Oklahoma)

FARAMARZ MEHDIPOUR,

        Plaintiff - Appellant,

v.

HONORABLE GARY M. PURCELL,
United States Magistrate Judge;
HONORABLE RALPH G.
THOMPSON; HONORABLE ROBIN
J. CAUTHRON; HONORABLE
TIMOTHY D. LEONARD;
HONORABLE LEE R. WEST;
HONORABLE VICKI

Nos. 01-6424 & 02-6067
(D.C. No. 01-CV-592-MLB)
(W.D. Oklahoma)

MILES-LaGRANGE; HONORABLE
WAYNE E. ALLEY; HONORABLE
DAVID L. RUSSELL, and all active
and senior District Judges of the
United States District Court for the
Western District of Oklahoma;
UNITED STATES OF AMERICA,

        Defendants - Appellees,

and

THE HONORABLE JUDGES OF
THE UNITED STATES COURT OF
APPEALS FOR THE TENTH
CIRCUIT,

        Defendants.


FARAMARZ MEHDIPOUR,

        Petitioner - Appellant,

v.

TWYLA SNIDER, Warden,

        Respondent - Appellee.

No. 01-6423
(D.C. No. 00-CV-793-MLB)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

## Procedural Background

These five appeals arise out of three district court actions that are the latest in a series of suits Mr. Mehdipour has filed relating to his 1996 Oklahoma conviction for attempting to intimidate a witness after former conviction of two felonies. In D.C. No. 00-CV-793-MLB, Mr. Mehdipour sought federal habeas relief from his conviction and sentence. In D.C. No. 01-CV-335-MLB, Mr. Mehdipour sued judges of the Oklahoma County District Court and the Oklahoma Court of Appeals under 42 U.S.C. § 1983 seeking to enjoin the effects of their rulings on a civil suit he attempted to bring against his criminal defense attorneys. And in D.C. No. 01-CV-592-MLB, Mr. Mehdipour brought *Bivens*[2] claims against all of the then active and senior district judges of the Western District of

---

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* , 403 U.S. 388 (1971).

Oklahoma, Magistrate Judge Purcell, and the United States. He alleged that the judges had become an arm of the State of Oklahoma and were engaging in an unconstitutional pattern and practice of ruling against him in his federal suits against officers of the State. He subsequently amended his complaint to add the judges of the Tenth Circuit, alleging that they had violated his constitutional rights in ruling against him on appeal of his federal suits.

During the course of the proceedings in district court, all the district judges of the Western District of Oklahoma recused from the *Bivens* action. In accordance with that recusal order, the district judges presiding over the habeas and the § 1983 actions recused from those actions as well. Pursuant to 28 U.S.C. § 292(b), Tenth Circuit Chief Judge Tacha then designated the Honorable Monti Belot, from the District of Kansas, to preside over the three district court actions.

Thereafter, Mr. Mehdipour filed an "Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction" that carried the caption of all three cases. The motion sought injunctive relief against officials at the Cimarron Correctional Facility where Mr. Mehdipour was incarcerated. It alleged that following the September 11 terrorist attacks, prison officials at Cimarron retaliated against him because of his Iranian heritage by placing him in administrative segregation, seizing his personal property, legal materials, and religious materials, and interfering with his mail. It further alleged that Mr.

-4-

Mehdipour was unable to prepare pleadings in his pending lawsuits without his legal materials, and it asked that the court order the prison officials to return his legal materials and other property and refrain from retaliating against him in the future. On November 14, 2001, the district court entered an order denying the motion in all three cases.

That same day, the district court also entered dispositive orders in each case. In the habeas case, the court adopted the report and recommendation of the magistrate judge and denied habeas relief. In the § 1983 action, the court, having previously dismissed the action for lack of subject matter jurisdiction, denied Mr. Mehdipour's pending motion to vacate. And in the *Bivens* action, the court ruled that all the judicial defendants were entitled to absolute immunity and that the United States was entitled to sovereign immunity and, accordingly, dismissed the action. Within ten days of the date of these orders, Mr. Mehdipour filed a motion to vacate under Rule 60(b) that carried the caption of all three cases and sought to vacate the court's dispositive orders in those cases.

Several days later, Mr. Mehdipour filed a Notice of Interlocutory Appeal under 28 U.S.C. § 1292(a)(1) that carried the caption of all three cases. It sought to appeal the district court's orders denying the temporary restraining order and/or preliminary injunction in the three actions. This notice was transmitted to this court, where it was docketed as three appeals.

The district court later filed an order carrying the caption of all three cases that denied Mr. Mehdipour's motion to vacate. Thereafter, Mr. Mehdipour filed new notices of appeal in the § 1983 case and the *Bivens* case, and an amended notice of appeal in the habeas case seeking to appeal the final orders in those cases. Thus, we have pending before us a total of five appeals arising from three district court actions. Our jurisdiction over these appeals arises under 28 U.S.C. § 1291 (final decisions in the § 1983 and *Bivens* cases), § 1292(a) (interlocutory denials of injunctive relief), and § 2253 (final decision in the habeas case).

**Recusal**

As an initial matter, we must address Mr. Mehdipour's argument that all the judges of this court should recuse from all the appeals and allow them to be resolved by a panel of judges from some other circuit. He argues that no Tenth Circuit judge can sit on any of these appeals because he named "The Honorable Judges of the United States Court of Appeals for the Tenth Circuit" as defendants in his amended *Bivens* complaint. We note that the amended complaint did not identify any Tenth Circuit judge by name, and the record does not reflect that any circuit judge was served.

The circumstances presented here are similar to those in *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000), where we held that "a lawsuit brought

-6-

indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner." Further, this holding "applies both to appeals in which the judges are named and to associated or subsequent appeals in which the plaintiff/petitioner is a party but the judges are not named. Thus, neither this court nor this panel is disqualified from hearing and resolving [these] appeal[s]." *Id.* Nor was Judge Belot disqualified from deciding the underlying actions, as Mr. Mehdipour argues, based on the fact that any appeal from those actions would come to this court.

## The Interlocutory Appeals
### (Nos. 01-6420, 01-6423 & 01-6424)

Mr. Mehdipour appeals the district court's denial of his motion for a TRO or preliminary injunction in each of the three underlying cases. [3] Based upon our careful review, we conclude that the district court did not err in denying

---

[3] The appellees in the *Bivens* case, No. 01-6424, have moved to dismiss the interlocutory appeal filed in that case on two grounds. First, they contend that the underlying motion sought relief only against officials of the Cimarron Correctional Facility and not against any defendant named in the *Bivens* action. Second, they argue that the appellee judges recused from that action long before Mr. Mehdipour filed his motion for TRO or preliminary injunction. While appellees are correct that *they* have no real interest in the appeal because it seeks no relief against them, that fact does not require dismissal of the appeal. Mr. Mehdipour still has an interest in the appeal, and we will consider its merits along with those of the other two interlocutory appeals.

preliminary injunctive relief. Mr. Mehdipour did not join the prison officials as parties or give them an opportunity to respond to his allegations. He also failed to show that he would suffer irreparable injury in the absence of injunctive relief; to the contrary, he was able to file pleadings in the pending suits without the benefit of the allegedly seized legal materials. Finally, to the extent he sought prospective relief against the prison officials, his request was mooted by his transfer to another facility.

## The § 1983 Action (No. 02-6035 )

Mr. Mehdipour appeals the dismissal of his § 1983 suit for declaratory and injunctive relief against the state court judges. Mr. Mehdipour sought to prohibit the state court judges from issuing or enforcing any decision that would prevent him from pursuing a civil suit for malpractice against three of his criminal defense attorneys. The district court dismissed the suit sua sponte under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. The court concluded that the suit was precluded by the *Rooker-Feldman* [4] doctrine, which "bars a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing

---

[4] *See D.C. Ct. of App. v. Feldman* , 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

party's claim that the state judgment itself violates the loser's federal rights." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotation omitted). The doctrine also prohibits a federal court from issuing "any declaratory judgment that is inextricably intertwined with the state court judgment." *Id.* (quotations omitted).

Before addressing the merits of the district court's decision, we must first examine our own jurisdiction to hear this appeal. We conclude that Mr. Mehdipour did not timely appeal the order of dismissal, and that the only order properly before us in this appeal is the order denying the second motion to vacate.

Except where the United States is a party to the action, the notice of appeal in a civil case must be filed within thirty days after the judgment or order appealed from is entered. Fed. R. App. 4 (a)(1). The district court entered both its order and the judgment of dismissal on February 28, 2001. Within ten days, Mr. Mehdipour filed a motion to vacate the judgment purportedly under Rule 60(b)(4). "Regardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion." *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983). As such, the motion tolled the time for filing an appeal from the order of dismissal. *See* Fed. R. App. 4(a)(4)(A)(iv).

The district court denied the motion to vacate on November 14, 2001. At that point, the thirty-day appeal clock began to run anew, and Mr. Mehdipour had until December 14 to file a timely appeal from the order of dismissal. Instead, he filed another motion seeking to vacate the district court's order of November 14, 2001. The court denied this second motion on December 20, 2001, and Mr. Mehdipour filed his notice of appeal on January 22, 2002.

This notice of appeal was filed within thirty days of the denial of the second motion to vacate, but well beyond the December 14 deadline. Thus, unless the second motion to vacate further tolled the time for appeal, the January 22 notice of appeal was not timely to appeal the order of dismissal. "This court has noted on several occasions the general principle that tolling motions may not be tacked together to perpetuate the prescribed time for appeal." *Okon v. Comm'r*, 26 F.3d 1025, 1026 (10th Cir. 1994). Accordingly, the second motion to vacate did not act to further toll the time to appeal the February 28, 2001 order of dismissal. Therefore, we must dismiss the appeal for lack of jurisdiction to the extent that it seeks review of the district court's order dismissing the § 1983 action.

The only order properly before us is the district court's order of December 20, 2001, denying the second motion to vacate. Mr. Mehdipour does

-10-

not make any argument specific to this order, and our own review reveals no error.  We therefore affirm the district court's judgment in the § 1983 case.  [5]

## The *Bivens*  Case (No. 02-6067)

The district court dismissed Mr. Mehdipour's      *Bivens*  claims for declaratory and injunctive relief against all the judges on alternative grounds:  first, the judges were absolutely immune; alternatively Mr. Mehdipour had adequate remedies at law and was therefore not entitled to equitable relief.  The district court dismissed the claims against the United States on the ground of sovereign immunity.  On appeal, Mr. Mehdipour does not challenge the grounds for any of the district court's rulings.  Instead, he argues only that the judges of this court should recuse from this appeal.  We have already rejected Mr. Mehdipour's arguments on this subject.  In the absence of any showing of district court error, we affirm the district court's judgment in the      *Bivens*  case.

---

[5]      In any event, it appears that the Oklahoma Supreme Court has since granted Mr. Mehdipour at least some of the relief he sought in this § 1983 action.          *See Mehdipour v. Wise* , __P.3d__, No. 96297, 2003 WL 143462 (Okla. Jan. 21, 2003). Therefore, an appeal from the denial of relief in this action may be moot.

**The Habeas Case (No. 01-6423)**

Finally, Mr. Mehdipour seeks to appeal the district court's denial of his

habeas petition filed under 28 U.S.C. § 2254. Mr. Mehdipour was tried and

convicted in 1993 of attempting to intimidate a state's witness, in violation of

Okla. Stat. tit. 21, § 455 (1991). His conviction was reversed on appeal to the

Oklahoma Court of Criminal Appeals (OCCA), which concluded that

> the trial court failed to fully advise Appellant [who had discharged
> his retained counsel and proceeded to trial pro se] as to the dangers
> of self-representation, the right to have stand-by counsel, the right to
> court appointed counsel if indigent, and [failed] to receive
> acknowledgment of each of those rights from Appellant.

D.C. No. 00-CV-793-MLB, R. Doc. 14, Ex. B, Attach. 1, Accelerated Docket

Order of Dec. 21, 1994 at 2. The OCCA remanded the action for a new trial.

On remand, Mr. Mehdipour retained three different sets of counsel, all of

whom he discharged prior to trial. He represented himself at trial and also had

the assistance of stand-by counsel whom the court appointed over his vociferous

objection. The jury again convicted Mr. Mehdipour of attempting to intimidate a

state's witness in violation of § 455. Mr. Mehdipour then retained counsel to

represent him on a second appeal to the OCCA, where he raised eight grounds for

relief. The OCCA affirmed his conviction on appeal after addressing an issue of

first impression as to the interpretation of § 455. *See Mehdipour v. State*, 956

P.2d 911 (Okla. Crim. App. 1998). Mr. Mehdipour then retained new counsel to

file a petition for rehearing in which he raised three new issues. The OCCA denied the petition, and counsel then filed a federal petition for habeas relief on Mr. Mehdipour's behalf. The federal petition raised three issues, two of which, the district court determined, had not been exhausted. The district court therefore dismissed the petition without prejudice for failure to exhaust.

Mr. Mehdipour then retained another attorney, who filed an application for post-conviction relief in state court asserting ten grounds for relief. After the trial court denied the application, Mr. Mehdipour took a pro se appeal to the OCCA. That court rejected his claims of ineffective assistance of appellate counsel on the merits, and rejected his other claims on the basis of either res judicata or procedural default.

Mr. Mehdipour then filed the present federal habeas petition in which he asserted thirteen grounds for relief. The State filed a response in which it argued that certain claims were procedurally defaulted and that the others failed on the merits. The magistrate judge issued a lengthy and well-reasoned report and recommendation, to which Mr. Mehdipour filed timely objections. After conducting a de novo review of the matters objected to, the district court adopted the report and recommendation and denied habeas relief. Mr. Mehdipour then filed a motion to vacate, arguing that the magistrate judge and district court erred in rejecting his claims. This, too, was denied, and Mr. Mehdipour appealed.

Noting that he had already filed one federal habeas petition, this court initially issued a show cause order questioning whether the current appeal was from an unauthorized second or successive petition which the district court did not have jurisdiction to consider in the first instance. *See* 28 U.S.C. § 2244(b)(3)(A). Both Mr. Mehdipour and the State responded that the current petition was neither second nor successive because the first petition was dismissed without prejudice for failure to exhaust. *See McWilliams v. Colo.*, 121 F.3d 573, 575 (10th Cir. 1997). We are satisfied that the district court had jurisdiction to consider the current habeas petition without prior authorization from this court, and we discharge the order to show cause.

Before he may proceed on appeal, Mr. Mehdipour must first obtain a certificate of appealability (COA) under 28 U.S.C. § 2253(c). The district court denied his request for a COA and he has not specifically renewed his request in this court. Nonetheless, we will construe his notice of appeal as an application for COA. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

We may issue a COA only if we conclude that Mr. Mehdipour "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Mr. Mehdipour asserted thirteen grounds for relief in the district court. Even under a liberal construction, he currently asserts only four grounds for relief on appeal: his retrial in 1996 violated double jeopardy; he was charged with and convicted of

an offense that did not exist under state law; the trial court relied on an invalid prior conviction in imposing sentence; and he was convicted in the absence of counsel.

We note that Mr. Mehdipour has not preserved the third issue, concerning the validity of his prior convictions, for appellate review because he did not raise that issue in district court. Therefore, we will not consider this issue in determining whether to grant a COA. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider issue on appeal that habeas petitioner failed to raise in district court). Based upon our thorough review of the record, Mr. Mehdipour's appellate brief, and the pertinent law, we conclude that none of the other issues he raises meets the standard for issuance of a COA under § 2253.

Accordingly, we deny Mr. Mehdipour a COA and dismiss the appeal. Mr. Mehdipour's motion to strike our show cause order is denied as moot.

### Summary of Dispositions

**No. 01-6420**. The district court's order of November 14, 2001 denying preliminary injunctive relief in D.C. No. 01-CV-335-MLB is AFFIRMED.

**No. 01-6423**. The district court's order of November 14, 2001 denying preliminary injunctive relief in D.C. No. 00-CV-793-MLB is AFFIRMED; as to the final order in this habeas proceeding, the application for COA is DENIED,

and the appeal is DISMISSED. Appellant's motion to strike the show cause order is DENIED as moot.

**No. 01-6424** . The district court's order of November 14, 2001 denying preliminary injunctive relief in D.C. No. 01-CV-592-MLB is AFFIRMED. Appellees' motion to dismiss the appeal is DENIED, and appellant's motion to strike appellees' brief is DENIED.

**No. 02-6035** . To the extent it appeals the district court's December 20, 2001 order of dismissal in D.C. No. 01-CV-335-MLB, the appeal is DISMISSED for lack of appellate jurisdiction; to the extent it appeals the district court's December 20, 2001 order denying the motion to vacate, that order is AFFIRMED.

**No. 02-6067** . The judgment of the district court in D.C. No. 01-CV-592-MLB is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge