**Martha COLLIER, Plaintiff–Appellant,**

v.

**BANKERS LIFE & CASUALTY CO., et al., Defendants–Appellees.**

**No. 03–1181.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 2003.*

Decided Oct. 20, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

214

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**ORDER**

After Bankers Life and Casualty Company denied her a promotion to the position of systems analyst, Martha Collier filed a charge with the Equal Employment Opportunity Commission alleging race discrimination. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* When the EEOC found no reasonable cause to credit the allegation, Collier brought suit in the district court. Her complaint restated the essential facts of her discrimination claim against Bankers Life, and also named the EEOC and the Illinois Department of Human Rights as defendants–the EEOC for inadequately investigating her claim, the IDHR for mishandling an earlier complaint against a different employer. She characterized the relation among the three defendants as a conspiracy to deprive her of her rights under the Fifth, Thirteenth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1985. The defendants moved to dismiss the complaint, and the district court granted the motion.

The court gave various reasons for dismissing the complaint, including the fact that EEOC was not subject to suit

under either § 1985 or Title VII, and that Collier had already sued the IDHR–unsuccessfully–over its handling of her earlier complaint. But the court's overarching reason was that Collier's allegation of a conspiracy among the three defendants was not specific enough. Acknowledging the relatively liberal standards of notice pleading, *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the court nevertheless observed that Collier's complaint "indicate[s] neither the form nor the scope of the alleged conspiracy, and thus, there is only 'a bare allegation of conspiracy,' which does not satisfy the [pleading requirement of] Fed.R.Civ.P. 8."

We agree with the district court that Collier's generalized allegation of a conspiracy to deprive her of her civil rights is insufficient to survive dismissal: she is completely vague concerning the nature of the agreement and gives the defendants no information that would allow them to prepare a defense. *See Walker v. Thompson,* 288 F.3d 1005, 1007–08 (7th Cir.2002) (although an allegation of conspiracy need not plead an overt act, it must give defendant notice of what he is charged with). The same can be said of Collier's additional (and puzzling) allegation that Bankers Life hired criminals to stalk and harass her family–she insists that "[c]rimes of intimidation and threats of farther harm [are] a constant terror faced daily by plaintiff and children," but she has not given Bankers Life any notice of the nature of those crimes. *See Kyle v. Morton High School,* 144 F.3d 448, 455–57 (7th Cir. 1998).

■ But, as Collier makes clear in her appellate brief, these are not the only claims she presented to the district court–there was also her allegation that Bankers Life contrived to deny her a promotion because of her race. Her complaint states that she was required to pass two computer examinations, that she passed the first one, but that "the computer was setup [sic] to fail the second examination" by "shut[ting] down and ... not accept[ing] any scores." She alleges that "someone in the company cause[d] the computer to issue a failing grade to discourage her from applying for the system analyst position," offering this as an instance of "race discrimination created by the Bankers Life and Casualty Company against plaintiff."

Under the federal courts' system of notice pleading, this is sufficient to state a Title VII claim against Bankers Life. *See Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) (to state a claim under Title VII, it is enough to allege "I was turned down for a job because of my race"). Therefore, although we affirm the district court's dismissal of the claims against the EEOC and the IDHR, we must remand for further proceedings on Collier's Title VII claim against Bankers Life.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.