**Martha COLLIER, Plaintiff–Appellant,**

v.

**James B. ZAGEL, et al., Defendants–Appellees.**

No. 04–1454.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 24, 2004.

Martha Collier, Hazel Crest, IL, Plaintiff–Appellant Pro Se.

Thomas P. Walsh, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

ORDER

District judge James Zagel presided over a Title VII case brought by Martha Collier against her then-employer Bankers Life & Casualty Co., which has already been the subject of an appeal before this court. *See Collier v. Bankers Life & Cas. Co., et al.,* 79 Fed.Appx. 213 (7th Cir.2003) (unpublished order). In January 2004, Collier filed a separate lawsuit against Judge Zagel and unspecified "Judges in the Seventh Circuit Court of Appeals," complaining about various decisions made in connection with her Title VII case.[1]

---

* This appeal has been submitted without the filing of a brief by the appellees. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

1. It is unclear whether Collier intended to include in her suit only the three judges who decided her earlier case (none of whom is on this panel), or all judges in the Seventh Circuit, ourselves included. Even if the latter, we are spared from recusal by the rule of necessity. *See United States v. Will,* 449 U.S.

Judge Charles Norgle dismissed the lawsuit, citing the principle of absolute judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Doyle v. Camelot Care Ctrs., Inc.,* 305 F.3d 603, 622 (7th Cir.2002). Collier appeals that dismissal, but Judge Norgle was correct: judges are absolutely immune from lawsuits alleging improper or inadequate performance of their judicial functions. *See Twisdale v. Snow,* 325 F.3d 950, 952 (7th Cir.2003). The lawsuit and the appeal are both frivolous. We warn Collier that frivolous lawsuits and appeals can result in the imposition of sanctions. *See* Fed.R.Civ.P. 11; Fed. R.App. P. 38.

AFFIRMED.

200, 211—17, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980); *Switzer v. Berry,* 198 F.3d 1255, 1258 (10th Cir.2000) (indiscriminate inclusion of all circuit judges in a lawsuit does not mandate their recusal).

