FILED
United States Court of Appeals
Tenth Circuit

July 17, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZACHARY R. E. RUSK,

      Plaintiff - Appellant,

v.

PAUL WARNER,

      Defendant - Appellee.

No. 17-4044
(D.C. No. 2:16-CV-00976-RJC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **McKAY**, and **McHUGH**, Circuit Judges.

Zachary Rusk appeals the district court's dismissal of his complaint against

the Honorable Paul Warner, Chief Magistrate Judge of the U.S. District Court for

the District of Utah. We affirm.

This case began when Mr. Rusk, proceeding pro se and in forma pauperis,

filed a six-page complaint against Judge Warner. The complaint is difficult to

understand and consists largely of recitations of legal standards, but in essence it

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleges that Judge Warner made defamatory statements about Mr. Rusk when presiding over a case. R. 9, 170. Those statements, the complaint seems to claim, violated his constitutional rights. Mr. Rusk then asked the court to issue an injunction prohibiting Judge Warner from discriminating against members of protected classes.

The district court dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). It found Judge Warner absolutely immune against a claim for injunctive relief. While acknowledging that this court has not yet decided whether judicial immunity extends so far, the district court found persuasive an Eleventh Circuit opinion that supported its view.

As an initial matter, we do not think that Mr. Rusk's complaint meets the pleading standards of Federal Rule of Civil Procedure 8(a)(2). The Supreme Court has said that a complaint must offer more than "mere conclusory statements" and must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Crucially, legal conclusions "must be supported by factual allegations." *Id.* at 679. Mr. Rusk's complaint, however, contains almost no facts. He claims that Judge Warner defamed him but fails to provide any detail about what Judge Warner supposedly said. The lengthy exhibits attached to his complaint shed no light on the matter either. Moreover, the complaint never explains how Judge Warner's statements violated Mr. Rusk's constitutional rights or why Mr. Rusk is entitled to an injunction.

Even had the complaint included more details, Mr. Rusk has given us no legal basis to reverse the district court's ruling on judicial immunity. Other than a conclusory statement that absolute judicial immunity violates the Constitution, Mr. Rusk's brief contains no legal argument on this point. And his position runs counter to the decisions of several other circuits that have granted absolute judicial immunity to preclude injunctive claims against federal judicial officers. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987); *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003).

We AFFIRM the district court's dismissal of the complaint. We also DENY Mr. Rusk's motion to proceed without prepayment of fees "because he has failed to present a nonfrivolous argument in support of the issue[] on appeal." *Thomas v. Parker*, 609 F.3d 1114, 1120–21 (10th Cir. 2010).

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge
