**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZACHARY RUSK,

    Plaintiff - Appellant,

v.

TIMOTHY TYMKOVICH,

    Defendant - Appellee.

No. 17-4193
(D.C. No. 1:17-CV-00156-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Plaintiff-Appellant Zachary Rusk—appearing *pro se*—appeals the district court's dismissal of his complaint against the Honorable Timothy Tymkovich, the Chief Judge of this Circuit. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

In July 2017, Chief Judge Tymkovich entered an order and judgment on behalf of a unanimous panel of this court, affirming the district court's dismissal of Rusk's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*pro se* complaint against the Honorable Paul Warner, the Chief Magistrate Judge of the United States District Court for the District of Utah.[1] *Rusk v. Warner*, 693 F. App'x 778 (10th Cir. 2017). That order and judgment held that Rusk's complaint did not meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2) and may have also been barred by absolute judicial immunity had it included more detail. *Id.* at 779.

After the Supreme Court denied certiorari on Rusk's action against Judge Warner, *Rusk v. Warner*, 138 S. Ct. 243 (2017), Rusk—appearing *pro se*—filed the instant case against Chief Judge Tymkovich, ROA, Vol. I at 1. Rusk alleges that Chief Judge Tymkovich "egregiously and pervasively retaliated against" him, Aplt. Br. at 1, and pursues theories of abuse of process and intentional tortious interference, *see* ROA, Vol. I at 53.

The district court dismissed Rusk's complaint, holding that Chief Judge Tymkovich was absolutely immune from suit for actions taken in his judicial capacity. *Id.* at 70–72 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Rusk now appeals, arguing the district court acted without jurisdiction, Aplt. Br. at 10, and that absolute judicial immunity violates the First and Fourteenth Amendments, *id.* at 1.

## II

Before addressing the merits, we consider whether the panel must recuse itself from this case, given that a colleague is the Defendant-Appellee. Under 28 U.S.C.

---

[1] Rusk also alleges that Chief Judge Tymkovich had earlier declined to take disciplinary action against Judge Warner. *See* ROA, Vol. I at 17, 24.

§ 455(a), federal judges must disqualify themselves from any proceeding in which their impartiality might reasonably be questioned. "However, the statutory guidance for recusal must also be read in light of the judges' 'duty to sit' on cases filed with the court." *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000). "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley*, 1 F.3d 985, 992–93 (10th Cir.1993). Further, under the "rule of necessity," a judge is qualified to decide a case—even if he or she would normally be impeded from doing so—when "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213–14 (1980). We apply the duty to sit and the rule of necessity here, and conclude that the panel members need not recuse themselves from this case.

### III

As to the issues Rusk raises in this appeal, we begin by concluding that the district court had jurisdiction over Rusk's complaint. The opening section of Rusk's *pro se* complaint—labeled "JURISDICTIONAL BASIS"—cited 42 U.S.C. § 1983 and alleged "violations of certain protections guaranteed to [Rusk] by the First and Fourteenth Amendments of the federal Constitution." ROA, Vol. I at 4. We conclude, given Chief Judge Tymkovich's status as a federal rather than state official, that Rusk's complaint can be construed as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). We in turn conclude that 28 U.S.C. § 1331, which "grants federal courts jurisdiction to hear

3

cases that arise under the Constitution," afforded the district court with jurisdiction over Rusk's complaint. *Carlson v. Green*, 446 U.S. 14, 39 (1980).

Also, we are persuaded that Chief Judge Tymkovich is absolutely immune from all suits based on his conduct in his official capacity as a judge of this court. *See Mireles*, 502 U.S. 9–10 ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871))). Because this suit does not allege any extra-judicial conduct, Chief Judge Tymkovich is absolutely immune from this action, as it is based on actions taken in his judicial capacity.

## IV

The district court's order dismissing this action with prejudice is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4