**Terry Lynn NICHOLS, Petitioner,**

v.

**Wayne E. ALLEY, District Judge, Respondent.**

**United States of America, Real Party in Interest.**

**No. 95–6341.**

United States Court of Appeals, Tenth Circuit.

Dec. 1, 1995.

---

Michael E. Tigar, Austin, Texas, Ronald G. Woods, Houston, Texas, and D. Kate Rubin, Oklahoma City, Oklahoma (Adam Thurschwell, of counsel), for Petitioner.

Patrick M. Ryan, United States Attorney, Jerome A. Holmes, Assistant U.S. Attorney, Joseph H. Hartzler, Larry A. Mackey, and Sean Connelly, Special Assistant U.S. Attorneys, Oklahoma City, Oklahoma, for Real Party in Interest.

Harry F. Tepker, Jr., Norman, Oklahoma, for Respondent.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

PER CURIAM.

On April 19, 1995, a bomb exploded at the Alfred P. Murrah Federal Building in Oklahoma City. The explosion destroyed the Murrah Building, killed 169 people, injured many others, and caused extensive damage in the surrounding vicinity. The explosion inflicted massive damage (upwards of $1,000,-000) to the United States Federal Courthouse, which is located one block south of the Murrah Building. Over one hundred windows shattered and were blown out. The explosion caused substantial damage to interior ceilings, walls, and fixtures. The explosion decimated the glass doors at the entrance to the courthouse. District court chambers located on the third and fourth floors along the north side of the courthouse, including Judge Alley's third floor chambers and courtroom, were heavily damaged. Flying glass damaged woodwork and furniture in Judge Alley's courtroom. Parts of the ceiling collapsed in Judge Alley's chambers. Plaster ceiling tiles fell from the office ceilings and light fixtures were dislodged and

left hanging. The skylight in Judge Alley's courtroom shattered, covering the courtroom floor in an inch of broken glass.

Although Judge Alley lost no family or friends in the bombing, the explosion slightly injured a member of his staff, and injured other court personnel. Some court personnel and employees had friends or relatives who were injured or killed in the Murrah Building explosion. It is likely that other court personnel and two judges would have been severely injured had they been at their desks.

Timothy McVeigh and Terry Nichols were charged by grand jury indictment with the bombing. The indictment charges defendants with a total of eleven counts of violating the laws of the United States: one count of Conspiracy to Use a Weapon of Mass Destruction in violation of 18 U.S.C. § 2332a; one count of the Use of a Weapon of Mass Destruction in violation of 18 U.S.C. §§ 2332a and 2(a) & (b); one count of Destruction by Explosive in violation of 18 U.S.C. §§ 844(f) and 2(a) & (b); and eight counts of First Degree Murder in violation of 18 U.S.C. §§ 1114, 1111 and 2(a) & (b).

Mr. McVeigh filed a motion for recusal of the presiding judge, the Honorable Wayne E. Alley, who had been randomly assigned to the case. Thereafter, Mr. Nichols filed his own recusal motion, arguing additional bases for recusal not presented by Mr. McVeigh. By order dated September 14, 1995, Judge Alley denied both recusal motions. Mr. Nichols then filed a petition for writ of mandamus with this court, seeking disqualification of all judges of the Western District of Oklahoma (including Judge Alley) or, in the alternative, an order directing Judge Alley to permit discovery and hold an evidentiary hearing regarding the factual bases for disqualification issues raised in the recusal motion. Thus, this matter is before us as an original proceeding in the nature of mandamus.

■ An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable. *Lopez v. Behles (In re American Ready Mix, Inc.),* 14 F.3d 1497, 1499 (10th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 77, 130 L.Ed.2d 31 (1994). It is established in this circuit, however, that mandamus is an appropriate vehicle by which to challenge a district court's denial of a recusal motion. *Id.; United States v. Cooley,* 1 F.3d 985, 996 n. 9 (10th Cir.1993) (collecting and comparing cases). Although a district court's denial of a motion to recuse is reviewed for an abuse of discretion, *Maez v. Mountain States Tel. & Tel., Inc.,* 54 F.3d 1488, 1508 (10th Cir.1995), because we are reviewing the district court's order by means of mandamus, the higher standard dictated by that writ governs our review, *In re American Ready Mix,* 14 F.3d at 1501. Mandamus is available only upon a showing of a clear and indisputable right to relief. *Weston v. Mann (In re Weston),* 18 F.3d 860, 864 (10th Cir.1994). A petitioner seeking mandamus relief must demonstrate a clear abuse of discretion, or conduct by the district court amounting to a usurpation of judicial authority. *Mallard v. United States District Court,* 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989). "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek...." *Id.*

■ Mr. Nichols argues that Judge Alley's recusal is mandated by 28 U.S.C. § 455(a), which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." [1] In order to "promote public confidence in the integrity of the judicial process," the statute was broadened in 1974 by replacing the subjective standard with an objective test. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7, 108 S.Ct. 2194, 2202 n. 7, 100 L.Ed.2d 855 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States,* — U.S. —, —, 114 S.Ct. 1147, 1154, 127 L.Ed.2d 474 (1994). Given the statutory parameters, we must determine

---

1. Mr. Nichols also urges recusal based on actual bias and prejudice under 28 U.S.C. §§ 144 & 455(b)(1). In light of our disposition under § 455(a), we do not reach these remaining statutory arguments.

" 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.' " *Cooley,* 1 F.3d at 993 (quoting *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992) (further quotation omitted)); *see also Maez,* 54 F.3d at 1508; *United States v. Greenspan* 26 F.3d 1001, 1005 (10th Cir.1994); *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987).

> The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.

*Liljeberg,* 486 U.S. at 860, 108 S.Ct. at 2203 (quotation omitted). In applying this objective standard, the initial inquiry is whether a reasonable factual basis exists for questioning the judge's impartiality. *Cooley,* 1 F.3d at 993. We are limited in this regard to outward manifestations and reasonable inferences drawn therefrom. *Id.* "In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id.*

 Having stated what § 455(a) is intended to accomplish and the standards for analyzing a recusal motion under that statute, we now note the cautions that must accompany our analysis. The statute " 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " *Id.* (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)). Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. *Greenspan,* 26 F.3d at 1006; *Cooley,* 1 F.3d at 993. Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. *Greenspan,* 26 F.3d at 1005; *In re American Ready Mix,*

*Inc.,* 14 F.3d at 1501; *Hinman,* 831 F.2d at 939.

 We begin our application of the legal standards to these facts by recognizing that cases within § 455(a) are extremely fact driven "and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *United States v. Jordan,* 49 F.3d 152, 157 (5th Cir.1995). As a starting point, in *Cooley* this court compiled a nonexhaustive list of various matters not ordinarily sufficient to require § 455(a) recusal:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

1 F.3d at 993–94 (citations omitted). We are faced with none of those circumstances here. Neither do we have a case in which a judge is threatened and the judge determines that recusal is at least one of the movant's objectives. *Greenspan,* 26 F.3d at 1006. Further, all of the reasons Mr. Nichols asserts for recusal under § 455(a) arise from extra-judicial sources, a consideration the Supreme Court recently held should be a factor in our analysis. The Court held, however, that acquisition of alleged bias or prejudice from extra-judicial sources is neither a necessary nor sufficient condition for § 455(a) recusal. *Liteky,* —— U.S. at ——, 114 S.Ct. at 1157.

Needless to say, there is no case with similar facts to which we can look for guidance in our application of the law to the facts in this case. Both the government and Judge Alley, in his invited response to the mandamus petition, point to several cases in which courts have held that the situation was not such that a judge's impartiality might reasonably be questioned. Those cases are all legally sound, strong authority for the general principles for which they are cited. Unfortunately, however, they do not particularly aid our analysis because, as we stated previously, our determination in this case is extremely fact driven, and all those cases, in addition to those uncovered by our own research, are factually inapposite. If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *United States v. Dandy,* 998 F.2d 1344, 1349 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1188, 127 L.Ed.2d 538 (1994).

In light of the settled principle that a judge has as strong an obligation not to recuse when the situation does not require as he has to recuse when it is necessary, we commend Judge Alley for his integrity in upholding what he sees as his clear judicial duty. There is certainly no allegation here of judicial impropriety; Judge Alley has conducted himself and these proceedings with true professionalism. Were the standard by which we must judge this case a subjective one, we could end our discussion here. But our task is to address the objective requirements of § 455(a).

The government maintains that no reasonable person could have a basis for questioning the judge's impartiality. We disagree. We conclude based on the extraordinary circumstances of this case that a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Cooley,* 1 F.3d at 993. Judge Alley's courtroom and chambers were one block away from the epicenter of a massive explosion that literally rocked downtown Oklahoma City, heavily damaged the Murrah building, killed 169 people, and injured many others. The blast crushed the courthouse's glass doors, shattered numerous windows, ripped plaster from ceilings, dislodged light fixtures, showered floors with glass, damaged Judge Alley's courtroom and chambers, and injured a member of his staff, as well as other court personnel and their families. Based on these circumstances, we conclude that a reasonable person could not help but harbor doubts about the impartiality of Judge Alley. Because Judge Alley's "impartiality might reasonably be questioned" in the instant case, 28 U.S.C. § 455(a) mandates recusal.

Based on the extraordinary facts of this case, we further conclude that Mr. Nichols has satisfied the demanding standard for mandamus relief and has established a clear and indisputable right to relief. *See Mallard,* 490 U.S. at 309, 109 S.Ct. at 1822; *In re Weston,* 18 F.3d at 864. Further, Mr. Nichols has no adequate alternative means to obtain the relief he seeks. *See Mallard,* 490 U.S. at 309, 109 S.Ct. at 1822. Consequently, we hold that Mr. Nichols has discharged his burden of proving he is entitled to a writ of mandamus.

As the Fifth Circuit concluded in *Jordan,* "[p]ublic respect for the judiciary demands this result." 49 F.3d at 157. The effect of our decision today may, indeed, be to "bar trial by [a] judge[ ] who ha[s] no actual bias and who would do [his] very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way justice must satisfy the appearance of justice." *Id.* (quotation omitted). In reaching this result, we have considered the totality of the circumstances and looked to the future of this case. *United States v. Ritter,* 540 F.2d 459, 464 (10th Cir.), *cert. denied,* 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). We have also balanced the possible questioning of impartiality by a reasonable person against the relative ease of replacing Judge Alley with an available judge from a very large pool of judges outside the State of Oklahoma.

Finally, we have considered and reject as meritless all other arguments raised. The petition for writ of mandamus solely as it pertains to the named respondent is GRANTED, and the matter is referred to the Chief Judge for the Tenth Circuit for

reassignment. *See Texaco v. Chandler*, 354 F.2d 655, 657 (10th Cir.1965), *cert. denied*, 383 U.S. 936, 86 S.Ct. 1066, 15 L.Ed.2d 853 (1966).[2]

SO ORDERED.

**2.** Petitioner's request to file a reply brief is denied. The Petitioner's motion to supplement the record is denied.