**Richard SOFFORD, Plaintiffs,**

**v.**

**SCHINDLER ELEVATOR CORPORATION, et al., Defendants.**

**Civil Action No. 95–WM–3099.**

United States District Court, D. Colorado.

Jan. 29, 1997.

Steven R. Barrett, Barrett, Pibl & Associates, Denver, CO, for Plaintiffs.

Robert J. Potrykus, Jr., Eden C. Steele, Popham, Haik, Schnobrich & Kaufman, Ltd., Denver, CO, Barry Schwartz, Byrne, Kiely & White, Denver, CO, for Defendants.

### ORDER

MILLER, District Judge.

Plaintiff has filed a "Motion to Recuse Trial Judge Because of Possible Bias and/or Prejudice of Trial Judge" together with the plaintiff's Affidavit and a Certificate of Counsel of Record, all pursuant to 28 U.S.C. § 144. These filings result from my disclosure in court of a prior relationship with defendant's counsel and of my conclusion that recusal is not required by 28 U.S.C. § 455.

That relationship arose out of a client's death in a private plane crash approximately 15 years ago. His widow asked me for advice concerning a wrongful death claim. Lacking experience in that area, I obtained referrals of counsel who specialized in airplane crash litigation and contacted Thomas J. Byrne of the defendant's law firm, Byrne,

Kiely & White. Following conversations and further investigation, I did recommend Mr. Byrne to my client who retained him and his firm. That representation was independent of me as I was not a co-counsel and did not participate in the trial before the United States District Court for the District of Colorado. I was periodically updated on the proceedings and consulted occasionally on matters of possible settlement. My client was unsuccessful at trial but did ultimately settle the matter during the course of appeal. Other than being paid by the client for consultations (billed on an hourly basis), I had no financial interest in the claim or the fees paid to the Byrne law firm.

My dealings with the Byrne firm were limited to Mr. Byrne and Michael Poindexter, the apparent lead counsel for the defendant in this matter. I do not believe that I have seen or spoken to Mr. Poindexter since the referred matter was resolved. I have spoken with Mr. Byrne on a few social occasions and may have asked him a professional question or two over the years, although I do not specifically recall. Other than as respected colleagues, I have had no other professional relationship with the firm and its members.

■ Plaintiff has filed an affidavit pursuant to 28 U.S.C. § 144 generally alleging bias or prejudice in favor of the defendant because of the disclosed prior relationship. Certainly, were there such a bias or prejudice, it is my duty to recuse myself. However, I am equally obligated not to recuse myself where the facts do not give fair support to a charge of prejudgment. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995); *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir.1992), *cert. denied*, 507 U.S. 1033, 113 S.Ct. 1854, 123 L.Ed.2d 477 (1993).

■ I decline to recuse myself as it is my duty to serve. I have no sense of bias or prejudice simply because of the described professional relationship. To recuse on that basis would require any judge who had been a practicing lawyer in the community to remove himself from potentially numerous cases brought by the practicing bar with whom he had prior dealings whether by referral, co-counsel, as respected opponents or simple observation. My experience is that defendant's counsel are fine, competent professionals—even though my client lost her case. I assume plaintiff's attorney is as well. Should I recuse myself whenever I come to the conclusion that an attorney is fine, competent counsel from observing him or her in my court? The answer should be obvious (it is my hope that all who appear before me meet those qualifications).

■ As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir.1995). Plaintiff's affidavit, taken as true, does not disclose any personal bias or prejudice in favor of defendant or against plaintiff. Prior professional relationships and the impressions arising out of them are not, without more, the "personal bias or prejudice" to which section 144 refers. *See id.* (judge's employment and representation of defendant and social relationship with fellow employees twenty years earlier did not require recusal where nothing in record suggested bias). *See also Pennsylvania v. Local Union 542*, 388 F.Supp. 155, 159 (D.Pa.1974) (relationships arising from judge's background or associations are insufficient to require recusal without evidence of bias or prejudice in judge's appraisal of party). Plaintiff has not produced evidence in his motion or affidavit which would cause a reasonable person to question my impartiality.

Accordingly, it is ORDERED that plaintiff's Motion to Recuse Trial Judge Because of Possible Bias and/or Prejudice of Trial Judge, filed January 16, 1997, is denied.