**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD DEAN SMITH,

      Plaintiff - Appellant,

v.

RICHARD KIRBY; H. N. SCOTT,
Warden; TERRI NEWKIRK,
Correctional Counselor; GEORGE
WILLIAMS, Warden's Assistant;
JUSTIN CARR, Officer; OFFICER
HOWELL; MELINDA GUILFOYLE,

      Defendants - Appellees,

   and

J.D. MCADAMS; TONY BURNS;
BILL MORGAN; DEPUTY WARE;
AGENT CRANE, OSBI; STEVE
BUZIN; JUSTUS HEFLEY;
THOMAS ZENDA; THOMAS G.
SMITH, JR; SHARON
WINCHESTER; JAMES R.
WINCHESTER; LARRY FIELDS,
Director, Oklahoma Department
of Corrections; STEVE HARGETT,
Warden; JIM DENNIS, Deputy
Warden; JAMES L. SAFFLE,
Director, Oklahoma Department
of Corrections; CAPTAIN COTTON;
OFFICER WILLIAMSON; KAREN
STUCHELL; SERGEANT RILEY;
MARY LIVERA, Deputy Director;
DELORES RAMSEY, Director

No. 02-6109
D.C. No. CIV-01-488-F
(W.D. Oklahoma)

Designee; RAY PAGE, Chairman,
Oklahoma Pardon and Parole Board,

      Defendants.

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** and **LUCERO** , Circuit Judges.

---

Appellant Richard Dean Smith, an Oklahoma state inmate appearing pro se, appeals from the district court's orders (1) dismissing with prejudice all but one of the claims raised in his 42 U.S.C. § 1983 action as frivolous, failing to state a claim upon which relief may be granted, or seeking damages against an immune defendant and (2) dismissing without prejudice the one remaining § 1983 claim for failure to exhaust administrative remedies. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

In the first report and recommendation, the magistrate judge recommended dismissing Smith's claims against several defendants as legally frivolous because Smith failed to allege any personal participation by them or because the claims

---

*     The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

were barred by the statute of limitations. The magistrate judge recommended dismissing Smith's other claims for failure to state a claim upon which relief could be granted because Smith was merely challenging a Department of Corrections' policy concerning earned credits. Also, the magistrate judge recommended dismissing other claims collaterally attacking Smith's conviction. Further, the magistrate judge recommended dismissing all other claims, but one, because Smith failed to allege a plain and simple statement of his claims as required by Fed. R. Civ. P. 8. On June 1, 2001, adopting the magistrate judge's recommendation, the district court dismissed all claims, but one, as frivolous, for failure to state a claim upon which relief may be granted, or because Smith sought money damages against defendants who are immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

In his one remaining claim, Smith alleged his due process rights were violated on September 27, 2000, when prison officials took his legal materials and personal property from his cell and poured white latex paint on some of his property. Smith further alleged this incident constituted an unconstitutional retaliation for his exercise of First Amendment rights, including his request to exceed Department of Corrections' policy concerning the amount of legal materials prisoners may keep in their cells. The magistrate judge ordered a special report, which showed that before filing his § 1983 complaint, Smith filed

several administrative grievances. Smith, however, never completed the prescribed administrative process. Adopting the magistrate judge's recommendation, the district court, on March 20, 2002, dismissed this remaining claim for failure to exhaust administrative remedies. Smith appeals.

Smith makes various, primarily conspiracy, arguments concerning his 1981 criminal conviction for three counts of second-degree murder. The district court correctly dismissed these arguments as a collateral attack on the conviction and beyond the scope of a § 1983 action. See Heck v. Humphrey, 512 U.S. 477, 481-82, 486-87 (1994). Further, we note this court affirmed the district court's denial of Smith's habeas corpus petition raising similar issues in Smith v. Hargett, No. 99-6130, 1999 WL 1113073 (10th Cir. Dec. 7, 1999), cert. denied, 530 U.S. 1264 (2000).

Additional arguments concerning Smith's imprisonment are advanced as well. As to these, we affirm for substantially the reasons stated in the district court's order of June 1, 2001, those claims addressed by the district court. Although we liberally construe Smith's pro se allegations, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), we do not consider the arguments Smith asserts on appeal that were not properly before the district court and therefore were not addressed in that court. To the extent Smith sought to amend his complaint to assert these claims, we

conclude the district court did not abuse its discretion in denying leave to amend or supplement the complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). Smith's new claims were not relevant to the claims before that court and they should have been raised in the Eastern, not the Western, District of Oklahoma. Also, we reject Smith's argument that the district court abused its discretion in denying injunctive relief with regard to some of these claims. See Signature Props. Int'l Ltd. P'ship v. City of Edmond, No. 00-6403, 2002 WL 31538647, at *8 (10th Cir. Nov. 8, 2002).

As far as Smith's claim that the district court incorrectly decided that he had failed to exhaust administrative remedies with respect to the September 27, 2000, incident, "we review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

> The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983. Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.

Id. at 1032 (citing Booth v. Churner, 532 U.S. 731, 740 (2001)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." Id.

Although Smith asserts he exhausted his administrative remedies, the district court's record does not support his assertion. Neither his partial compliance with the grievance process nor the Oklahoma Department of Corrections' awareness of his grievances satisfy the exhaustion requirement. Also, his asserted exhaustion of remedies for another claim not before the federal courts at this time does not prove exhaustion of remedies for this claim. Accordingly, we conclude that Smith failed to exhaust his administrative remedies.

Contrary to Smith's final arguments, we conclude the district court did not abuse its discretion in denying his discovery requests concerning his criminal conviction or in granting defendants' request for a protective order from the discovery requests, see Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1496 (10th Cir. 1993), in granting defendants' motion for enlargement of time to file a brief, see Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1193 (10th Cir. 1998), or in failing to recuse, see Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995).

After having reviewed the district court's file and Smith's many filings with this court, we **AFFIRM** the judgment of the United States District Court for the Western District of Oklahoma for substantially the reasons stated in the district court's orders of March 20, 2002, and June 1, 2001. Smith's motion for

leave to proceed on appeal without prepayment of costs or fees is **GRANTED** , but he must make partial payments as specified in 28 U.S.C. § 1915 until the entire filing fee is paid. His emergency en banc motion for a preliminary injunction, ex parte motion for a contempt order, emergency en banc motion for contempt against defendants' attorney, motion for default against defendants and motion to strike defendants' brief, "Motion"-/"Affidavit In Support," and combined motion for default, motion for contempt order and motion to vacate protective order are **DENIED** as moot. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge