**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERRONE BURLESON,

Plaintiff-Appellant,

v.

SPRINT PCS GROUP,

Defendant-Appellee.

No. 03-6261
(D.C. No. 02-CV-1000-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

Sherrone Burleson petitions the Chief Judge of the Tenth Circuit for an emergency stay of a trial set for October 14, 2003, pending her interlocutory appeal of an order of the district court. We initially conclude that Ms. Burleson has failed to establish an "emergency" requiring the consideration of only one judge. *See* 10th Cir. R. 8.3.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In order to demonstrate her entitlement to a stay, Ms. Burleson must first establish our jurisdiction over her appeal. *See* 10th Cir. R. 8.1, 18.1; *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57, 760 (10th Cir. 1993), *aff'd*, 511 U.S. 863 (1994). The record indicates that she has not paid the appellate filing fee. *See* Fed. R. App. P. 3(e); 10th Cir. R. 3.3.

According to her motion for stay, Ms. Burleson seeks interlocutory appeal from two orders: (1) an order denying her request that the district court judge recuse herself for bias and (2) an order denying Ms. Burleson's request to extend the discovery deadline in which to identify expert and lay witnesses and exhibits for trial. But a review of her notice of appeal reveals that she has appealed only from the order denying recusal. U.S. Dist. Ct. R. Doc. 123. We therefore address only the issue raised in the notice of appeal. [1]

We have jurisdiction only over appeals from final orders, *see* 28 U.S.C. § 1291, or certain kinds of interlocutory orders, *see* 28 U.S.C. § 1292. "An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995).

---

[1]    We note, however, that a pretrial order regarding discovery is not immediately appealable as a final order. *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987). Thus, if that issue had been raised in her notice of appeal, it would have to be dismissed for lack of jurisdiction.

Because we have no jurisdiction over the issue raised in the notice of appeal, we must dismiss the appeal and deny the motion for stay as moot.

Even if we were to designate Ms. Burleson's notice of appeal on the issue of recusal as a petition for a writ of mandamus, *see id.*; *In re Bennett*, 283 B.R. 308, 321 (10th Cir. B.A.P. 2002), we would still deny relief. Adverse rulings are ordinarily insufficient to justify recusal. *Nichols*, 71 F.3d at 351.

The appeal is DISMISSED and the motion for emergency stay is DENIED.

ENTERED FOR THE COURT
PER CURIAM