**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ITOBORE OSHOBE,

Defendant - Appellant.

No. 06-3142
(D.C. No. 05-CV-3434-MLB)
(D.C. No. 03-CR-10052-01-MLB)
(D. Kan.)

---

**ORDER**
**DENYING A CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Itobore Oshobe, a Nigerian national and a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's denial of his 28 U.S.C. § 2255 motion. The district court denied the motion on the merits. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and as Mr. Oshobe has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

**Background**

After a jury trial, Mr. Oshobe was convicted on one count of aiding the unauthorized use of an access device/credit card, one count of interstate transportation of stolen property, one count of receipt of stolen property, and ten counts of mail fraud. After receiving the Pre-Sentence Report and assessing its calculations, the district court sentenced Mr. Oshobe to 41 months imprisonment and restitution in the amount of $31,361.37. Mr. Oshobe filed a direct appeal, which was rejected. United States v. Oshobe, 145 Fed. App'x. 243 (10th Cir. 2005). Next, Mr. Oshobe filed his § 2255 motion in the district court, which was dismissed on the merits. This appeal followed.

On appeal, Mr. Oshobe advances numerous contentions. He first argues that his trial counsel was ineffective, on the following grounds: (1) failing to inquire into the circumstances of the execution of a search warrant on Mr. Oshobe's residence and file a motion to suppress; (2) failing to impeach a government witness with prior false testimony and file a motion to dismiss the indictment based on false testimony; (3) failing to advise him of the consequences of agreeing to a stipulation at trial; (4) failing to research mitigating evidence; and (5)failing to seek the presence of certain witnesses. Mr. Oshobe next argues that: (6) the grand jury was not able to exercise its own judgment due to the testimony elicited by the government; (7) he should be granted an evidentiary hearing on his motion to vacate; (8) a witness whose testimony was excluded

should have been allowed to testify; (9) the trial court erred in commenting on a factual issue to be decided by the jury; and (10) the district court failed to address his argument based on cumulative error.[1]  As discussed below, and found by the district court, Mr. Oshobe's arguments are patently meritless.

**Discussion**

Where the district court denies a § 2255 motion on procedural grounds, a COA should issue when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.  On the other hand, where, as here, the district court denies the motion on the merits, a COA should issue when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1]Mr. Oshobe also continues to insist on appeal, as he has in various other briefings, that his case should be reassigned from District Judge Belot.  Mr. Oshobe has vehemently contended that Judge Belot has been biased against him dating back to "the movant's trial."  See Aplt. App. Doc. 128.  While it is of course true, indeed axiomatic, that the court must retain the appearance of impartiality, see Nichols v. Alley, 71 F.3d 347, 350-52 (10th Cir. 1995), it simply is not the case that a judge can be deemed biased simply by virtue of his "prior rulings in the proceeding, or another proceeding, solely because they were adverse."  Id. at 351.  At the same time, while it is certainly reasonable to view some of the district court's language as unduly harsh, see e.g., Aplt. App. Doc 135 at 15 (characterizing Mr. Oshobe's claims as a "tall tale which a ten year old child would have seen through"), that harsh language only amounts to an adverse ruling, and nothing more for purposes of our bias inquiry.

wrong." Id.

Upon through review of the entire record, we are satisfied that the district court adequately and thoroughly disposed of Mr. Oshobe's contentions and they are not debatable. Although he faults the district court for addressing cumulative error, that theory does not apply in the absence of error. Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998). Insofar as the district court's decision to not hold an evidentiary hearing, it is quite clear that the allegations contained in the petition are far too speculative to warrant an evidentiary hearing, and thus there was no abuse of discretion. See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996).

Accordingly, we **DENY** a COA, **GRANT** leave to proceed in forma pauperis, **DENY** all pending motions, and **DISMISS** the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge