FILED
United States Court of Appeals
Tenth Circuit

February 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DARON SCOTT; DURYEA SCOTT,

Plaintiffs-Appellants,

v.

OFFICER FNU RUBIO, Individually, and in his Official Capacity; FNU HERDIA, Officer, Individually, and in the capacity of Daso Officer, S573; JOE JACQUES, Individually, and in his Capacity as Daso Officer, S566; HEATHER FERGUSON, Individually and in her Official Capacity as an employee of the Animal Protection of New Mexico, Inc.; DOÑA ANA COUNTY, a local public body of the State of New Mexico; OFFICER ROBYN GOJKOVICH, Individually and in her Official Capacity; OFFICER LINDA MALDONADO, Individually and in her Official Capacity; OFFICER MARY LOU WARD, Individually and in her Official Capacity; OFFICER PAUL RICHARDSON, Individually and in his Official Capacity; OFFICER CURTIS CHILDRESS, Individually and in his Official Capacity; OFFICER TRAVIS WELLS, Individually and in his Official Capacity, a/k/a Travis Wells; OFFICER FNU PALMER, Individually and in his Official Capacity; OFFICER MANNY HERNANDEZ, Individually and in his Official Capacity,

Defendants-Appellees,

and

No. 12-2063
(D.C. Nos. 2:09-CV-00797-JB-GBW &
2:09-CV-00799-JB-GBW)
(D. N.M.)

DOÑA ANA COUNTY HUMANE
SOCIETY; ALLEN DAVIS,
Individually, and in his Capacity as
Director of Doña Ana County Humane
Society; DEANISE MARTA,
Individually, and in her Capacity as
Director of Doña Ana County Humane
Society; RUSSELL WARD, Individually,
and in his Capacity as Veterinary
Technician; GLORIA RAMOS, a/k/a
Gloria Mendez; GERALDO PEREZ;
UNKNOWN EL PASO POLICE
OFFICERS; UNKNOWN EL PASO
ANIMAL CONTROL OFFICERS;
UNKNOWN ANIMAL CONTROL
OFFICERS; ANIMAL PROTECTION
OF NEW MEXICO, INC.; ANIMAL
CRUELTY TASK FORCE OF
NEW MEXICO; CITY OF LAS
CRUCES; OFFICER DARREN WHITE;
JOHN AND JANE DOES 1 THROUGH
13; UNKNOWN OFFICERS AND CITY,
COUNTY AND STATE EMPLOYEES;
DOÑA ANA COUNTY
COMMISSIONERS; DOÑA ANA
COUNTY SHERIFF'S OFFICE; GARY
KING; SUSAN RIEDEL, Individually,
and in her Capacity as Assistant District
Attorney; AMY ORLANDO,
Individually, and in her Capacity as
Assistant District Attorney; SUSANA
MARTINEZ, Individually, and in her
Capacity as District Attorney; CHUCK
FRANCO, Undersheriff, Individually,
and in his Capacity as Undersheriff;
TODD GARRISON, Individually, and in
his Capacity as Sheriff; MICHELLE
UGALDE, Individually, and in her
Capacity as Dano Animal Control
Officer, S922; STEVE SCHMIDT,
El Paso Police Department Detective,

- 2 -

Individually and in his Capacity as El
Paso Police Officer; RICHARD SILVA,
Magistrate Judge, Individually, and in his
Capacity as Doña Ana County Magistrate
Judge; OLIVIA NEVAREZ-GARCIA,
Magistrate Judge, Individually, and in her
Capacity as Doña Ana County Magistrate
Judge; OSEPH GUILLORY, Magistrate
Judge, Individually and in his Capacity as
Doña Ana County Magistrate Judge,

Defendants.

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Brothers Daron and Duryea Scott appeal from a district court order that

(1) denied their motion for relief from judgment under Fed. R. Civ. P. 60(b), and

(2) granted the defendants' motion for attorney fees.  We dismiss in part and affirm

in part.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

The Scotts owned sixty-eight pit-bull terriers, which they kept on four properties in New Mexico and Texas. In August 2007, based on suspicions of animal cruelty and dog fighting, various defendants raided the properties and confiscated the dogs. Criminal charges against the Scotts were apparently dismissed, however, after the searches of the New Mexico properties were deemed unconstitutional.

In 2009, the Scotts filed separate pro se complaints against numerous defendants in state court, claiming that the raids violated their constitutional rights. The cases were removed to federal court, and the Scotts retained counsel.

Over the course of seven months, the Scotts "attempted to produce a[ ] [single] amended complaint that complied with the rules of procedure." Aplt. App. at 259. "On his sixth attempt, [the Scotts'] counsel produced an amended complaint that did not blatantly violate any civil rule . . . ." *Id.* at 259. That complaint advanced twenty federal and state-law claims for relief against dozens of defendants, and was promptly made the subject of a motion to dismiss. The Scotts filed a motion for partial summary judgment, which a magistrate judge sua sponte stayed.

In a detailed report, the magistrate judge recommended that the Scotts' complaint be dismissed because it failed to "'make clear exactly who is alleged to have done what to whom.'" *Id.* at 270 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). In a separate report, he recommended dismissing unserved defendants. Two days before the deadline for objecting to the

recommendation that the federal claims be dismissed, the Scotts filed a cursory "Motion for Stay of Review," seeking more time to object. *Id.* at 303.

The district judge declined to extend the time for objecting, noting that the only reason the Scotts gave for an extension was their stayed partial summary-judgment motion. He then accepted the magistrate judge's recommendations, but remanded the state-law claims to state court.

In March 2011, a final judgment was entered, but the Scotts did not appeal. The defendants moved for attorney fees.

In August 2011, the Scotts filed a Rule 60(b)(6) motion to set aside the judgment, arguing that the magistrate judge and district judge were biased and should be recused. They also sought reconsideration before a different district judge. As evidence of bias, they proffered affidavits referencing negative publicity in their case and the judges' adverse rulings, and they claimed that (1) the magistrate judge worked in the Las Cruces District Attorney's office at the same time the Scotts were being prosecuted in another case, and (2) the district judge is acquainted with defendant Darren White.

The magistrate judge recommended that the motion be denied. He indicated that he had never worked in the Las Cruces District Attorney's Office and that the district judge had had only limited contacts with White since becoming a judge in 2003. The magistrate judge further recommended awarding attorney fees to the defendants because the Scotts' attorney had unreasonably multiplied the proceedings.

The Scotts objected, but limited their recusal bases to (1) the magistrate judge's sua sponte stay of their motion for partial summary judgment, and (2) the district judge's refusal to extend the time to object to the recommendation that the federal claims be dismissed. The Scotts also objected to the recommended attorney fees, stating that the magistrate judge had insisted on "militant compliance to the rules of civil procedure." *Id.* at 458.

The district judge overruled the objections and adopted the recommendations except to the extent that the magistrate judge had suggested awarding attorney fees for the Scotts' seeking recusal. The Scotts appealed.

## DISCUSSION

### I. Appellate Jurisdiction

Because the Scotts did not timely appeal from the final judgment, we lack jurisdiction to consider any challenges to their complaint's dismissal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Although a Rule 60 motion can toll the time to file an appeal, that motion must be "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Here, the Scott's motion was not filed in time to toll the appeal period. And although the defendants' attorney-fee motion was not resolved until the district court denied Rule 60(b)(6) relief, "an unresolved issue

of attorney's fees for the litigation in question does not prevent the judgment on the merits from being final." *Scrivner v. Sonat Exploration Co.*, 242 F.3d 1288, 1290 n.1 (10th Cir. 2001) (quotation omitted).

Accordingly, we will dismiss this appeal for lack of jurisdiction insofar as the Scotts contest the dismissal of their federal claims.

## II.  Rule 60(b)(6) Relief

Relief from judgment under Rule 60(b)(6) is appropriate only in "*extraordinary situations* . . . when such action is appropriate to accomplish justice." *Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1533 (10th Cir. 1992) (quotation omitted).  We review the denial of a Rule 60(b)(6) motion for abuse of discretion. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1491 (10th Cir. 1994).  Allegations of judicial bias may be raised in a Rule 60(b)(6) motion. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This is an objective test, based on a judge's "outward manifestations and reasonable inferences drawn therefrom," rather than the judge's actual state of mind. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).  Additionally, a party may request recusal by filing an affidavit with the court stating the reasons the judge is personally biased or prejudiced.  28 U.S.C. § 144.  The facts alleged in the § 144 affidavit must be

accepted as true, but they are construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).

The Scotts argue that the magistrate judge demonstrated bias by staying their partial summary-judgment motion. As for the district judge, they contend that he was biased because he refused to extend the time to object to the magistrate judge's recommendations. But "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted). Moreover, nothing in these rulings suggests bias. Indeed, staying the Scotts' motion was not surprising, given that it apparently targeted unserved defendants and would have been mooted by a dismissal of the Scotts' complaint. As for the refusal to extend the time for filing objections, the Scotts made their request only two days before the deadline and offered no valid reason for an extension.[1]

In addition, the Scotts did not timely seek recusal. Much of the conduct of which they have complained throughout these proceedings occurred more than five

---

[1]    To the extent the Scotts attempt to derive bias from the magistrate judge's denial of a motion to file a sur-reply, they did not include this argument in their objections to the order recommending that Rule 60(b) relief be denied. Nor did the Scotts include in their objections the district judge's friendship with defendant White. These bases for alleged bias are therefore waived. *See Cohen v. Longshore*, 621 F.3d 1311, 1318 (10th Cir. 2010) ("[W]e "have adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." (quotations omitted)). As for the magistrate judge's purported employment in the Las Cruces District Attorney's Office, the Scotts have recognized that they were mistaken. Aplt. App. at 458.

months before they sought recusal. "A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam); *see, e.g.*, *Green*, 108 F.3d at 1305 (holding that recusal motion filed under §§ 144 and 455 was untimely where it was brought five weeks after magistrate judge's recommendation). The Scotts' only explanation for their delay appears to be that they were waiting to determine if they would prevail on their motion for an extension of time to object to the magistrate judge's recommendations. *See* Opening Aplt. Br. at 17 ("Appellants wanted to determine which way th[e] Honorable Court was leaning before claiming an appearance of bias, when Appellants filed their Motion for Stay of Review and Deadlines on Report and Recommendation."). We reiterate, however, that adverse rulings are not sufficient grounds for disqualifying a judge. *Green*, 108 F.3d at 1305; *cf. United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000) ("A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process.").

Next, the Scotts assert a due-process theory in support of recusal. *See, e.g.*, *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (stating that due process requires that "a judge must recuse himself when he has a direct, personal, substantial, pecuniary interest in a case" (quotation omitted)). But they do not discuss how such a theory applies here, and they did not raise the theory below. Therefore, we do not consider it. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*,

- 9 -

653 F.3d 1163, 1182 (10th Cir. 2011) ("This court will generally not consider an argument that was not raised in the district court."); *Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007) (observing that this court does not consider arguments that are inadequately briefed).

We conclude that the district court correctly found no basis for recusal, and therefore, acted within its discretion by denying Rule 60(b)(6) relief.

### III. Attorney Fees

The Scotts argue that "[b]ecause of the bias and violation of [their] due process right to a fair proceeding and fair tribunal, the order assessing attorneys' fees should also be vacated." Aplt. Opening Br. at 28. This argument necessarily fails, however, in light of our conclusion above as to the absence of any ground for disqualifying either the magistrate judge or the district judge.

### CONCLUSION

We dismiss this appeal to the extent the Scotts challenge the district court's dismissal order, and we affirm the district court's order denying Rule 60(b)(6) relief and granting attorney fees.

Entered for the Court


Bobby R. Baldock
Circuit Judge


- 10 -