**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALBERTA ROSE JOSEPHINE
JONES,

      Plaintiff - Appellant,

v.

DONALD DAVID JONES,

      Defendant - Appellee.

No. 19-6005
(D.C. No. 5:18-CV-01171-HE)
(W.D. Okla.)

---

ALBERTA ROSE JOSEPHINE
JONES,

      Plaintiff - Appellant,

v.

DONALD DAVID JONES,

      Defendant - Appellee.

No. 19-6006
(D.C. No. 5:18-CV-01193-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

Alberta Rose Josephine Jones, proceeding pro se,[1] appeals from two orders of the United States District Court for the Western District of Oklahoma filed on December 17, 2018, and January 7, 2019. The December 17 order essentially did three things. First, it remanded Case No. 18-1171 to state court in Oklahoma. Second, it dismissed Case No. 18-1193—a second case filed by Ms. Jones—for lack of subject-matter jurisdiction and failure to state a claim. Third, it gave Ms. Jones notice of the court's intention to impose certain specified filing restrictions on her in light of her persistent filing of meritless claims, and gave her an opportunity to respond. After the response period ended, in the January 7 order, the court imposed the filing restrictions proposed in the December 17 order. Ms. Jones has filed two appeals to challenge the district court's rulings in Case No. 18-1171 and Case No. 18-1193: that is, Tenth Circuit appeals docketed, respectively, as Case No. 19-6005 and Case No. 19-6006.[2]

---

[1]     Because Ms. Jones is proceeding pro se, we construe her filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[2]     Initially, our court consolidated Ms. Jones's appeals. At Ms. Jones's request, however, the cases were unconsolidated, though Ms. Jones ultimately filed only one opening brief with respect to both appeals. Consistent with 10th

Exercising jurisdiction under 28 U.S.C. § 1291, for the reasons discussed below, we **dismiss in part** Ms. Jones's appeal in Case No. 19-6005 for lack of appellate jurisdiction and **affirm in part**; as to her appeal in Case No. 19-6006, we **affirm**.[3]

# I

## A

Ms. Jones is no stranger to federal court, filing numerous lawsuits there. Two cases are relevant to the current appeal: Case No. 18-1171 and Case No. 18-1193. In Case No. 18-1171, Ms. Jones filed a notice of removal with respect to her state-court divorce lawsuit. On the same day, she filed a motion to recuse all of the judges of the Western District of Oklahoma and "request[ed] a special

---

Circuit Rule 10.3(C) and 10th Circuit Rule 11.2(B), separate records were prepared and docketed for the unconsolidated pro se appeals. We cite portions of the record for 19-6005—which contains many documents applicable to both appeals—as "R. (19-6005) at _" and portions of the record for 19-6006 as "R. (19-6006) at _."

[3]     On July 23, 2019, Ms. Jones moved the court for leave to file an appendix. We **grant** that motion **in part**, insofar as her appendix contains copies of documents found in our files or those of the district court, as to which we may permissibly take judicial notice in any event. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). In all other respects, we **deny** this motion.

judge be assigned to this case from the Administrative Office of the Courts in Washington D.C." R. (19-6005) at 50. After initially being assigned to another district court judge, this case was transferred to U.S. District Judge Joe Heaton. Then, Ms. Jones filed a motion specifically seeking to recuse Judge Heaton. And, a few days later, Ms. Jones filed an amended complaint in which she named as defendants various state and federal judges, including Judge Heaton.

In Case No. 18-1193, Ms. Jones filed a complaint in federal court against her former husband, Donald David Jones, which alleged that he had committed fraud in the underlying state-court proceeding. After first being assigned to another judge, this case also was transferred to Judge Heaton.

Judge Heaton filed an order on December 17, 2018, applicable to both of Ms. Jones's district court cases. At the outset, Judge Heaton declined to recuse. Judge Heaton invoked the "rule of necessity," under which "a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'" *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)). In this regard, Judge Heaton reasoned that "[i]t is the apparent practice of Ms. Jones to sue any judge who enters an order contrary to her position in the ongoing divorce or divorce-related dispute(s)" and that such an "approach is potentially never-ending." R. (19-6005) at 251. Furthermore, Judge Heaton reasoned that

4

"as no credible basis for recusal has been suggested beyond disagreement with the court's decisions, . . . recusal of the undersigned is not warranted." *Id.*

In the December 17 order, the court then sua sponte remanded Case No. 18-1171 to state court, expressly determining that "[t]he case was improperly removed, and this court lacks jurisdiction over it." *Id.* at 252. Among other things, the court noted that Ms. Jones's "attachments to [her] removal petition indicate[d] she was *the plaintiff*, not the defendant," and thus "Ms. Jones [wa]s not eligible to remove the case she filed in state court to this court." *Id*. at 251–52 (emphasis added); *see* 28 U.S.C. § 1441(a) (noting that "any civil action" over which federal courts have proper subject-matter jurisdiction "may be removed by *the defendant or the defendants*" (emphasis added)). Further, the court noted that, even if Ms. Jones qualified as a proper defendant for removal purposes because of a counterclaim asserted by Mr. Jones in state court (which the district court deemed to be a mistaken notion), her removal would have been defective under § 1441(b)(2) because she was an Oklahoma citizen. *See, e.g.*, *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017) (noting as one recognized "defect" in removal barring appellate review to be "noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state"). Although identifying these procedural problems plaguing Ms. Jones's removal action, the court

5

expressly rested its remand in part on jurisdictional grounds, ruling that "this court lacks jurisdiction over" this case.  R. (19-6005) at 252.

As for Case No. 18-1193, the district court (i.e., Judge Heaton) noted that Ms. Jones's complaint included claims against Mr. Jones based on his purported lies in the state-court divorce proceeding.  It reasoned that "this court is not an appellate court from proceedings in state court and it lacks subject matter jurisdiction to decide matters that were within the province of the state court divorce or other proceedings."[4]  R. (19-6006) at 30.  The court next explained that, "to the extent that plaintiff's complaint arguably alleges claims outside the literal scope of the divorce and similar proceedings, the court concludes the complaint fails to state a claim."  *Id.*  The court therefore dismissed the case (i.e., Case No. 18-1193) without prejudice, and denied leave to amend in light of Ms. Jones's history of frivolous litigation.

As to that history, the court described Ms. Jones's "persistent efforts to litigate her divorce-related complaints" in federal court, notwithstanding the absence of jurisdiction in such courts to hear such claims, and noted that those

---

[4]     *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States" (alteration in original) (quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890))); *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) ("The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees.").

complaints had been "rejected multiple times, on jurisdictional and other grounds." *Id.* at 31. The court also noted that "Ms. Jones' meritless filings in the Western District [we]re not limited to the cases" involving her divorce, and described several other cases that Ms. Jones had commenced which the district court had sua sponte dismissed as meritless. *Id.* at 32–33. Based on Ms. Jones's litigation history—which the court thus deemed to be replete with frivolous claims—the court directed Ms. Jones in its December 17 order to show cause as to why certain specified filing restrictions should not be imposed on her. The district court gave Ms. Jones fourteen days to respond to the proposed filing restrictions.

Instead of directly doing so, on December 19, 2018, Ms. Jones filed a document styled, Motion for Reconsideration and Motion to Stay Proceedings ("Motion for Reconsideration"), in which Ms. Jones almost exclusively urged Judge Heaton to reconsider his denial of her recusal motion. She did not meaningfully challenge the filing restrictions.

Nevertheless, on January 7, 2019, in addition to denying Ms. Jones's request that he reconsider his recusal ruling, Judge Heaton—presumably giving a generous reading to Ms. Jones's Motion for Reconsideration—reasoned that Ms. Jones "apparently also intended to respond [through her motion] to the notice as to potential filing restrictions." *Id.* at 40. He then ruled that "to the extent that

7

[her] response addresses the proposed filing restrictions, it does not set out any basis for concluding that filing restrictions are unwarranted." *Id.* at 40–41. Consequently, in its January 7 order, the court imposed filing restrictions on Ms. Jones.

**B**

Ms. Jones timely filed a notice of appeal from the district court's resolution of Case No. 18-1171 and Case No. 18-1193. Those appeals were docketed in our court, respectively, as Case No. 19-6005 and Case No. 19-6006. Specifically, in her notices of appeal, Ms. Jones indicated that she was appealing "from the final orders entered by the Honorable Judge Joe Heaton." R. (19-6005) at 265; *accord* R. (19-6006) at 43. However, critically, Ms. Jones's opening brief only addresses two rulings of the district court: Judge Heaton's decision not to recuse and his decision to impose filing restrictions. Even though Ms. Jones is proceeding pro se, we will not act as her advocate and fashion arguments for her. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"); *cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

8

Ms. Jones was obliged—just like any other appellant—to tell us in her opening brief "why the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *see Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))). We may find unaddressed or inadequately briefed issues to be waived. *See, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("Consistent with this requirement [of Federal Rule of Appellate Procedure 28], we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). And we see no reason not to do so here.

More specifically, reading her opening brief liberally, we conclude that Ms. Jones has only attempted to challenge the district court's recusal and filing-restriction decisions—and the latter in only a very limited way. Therefore, exercising our discretion, we elect to reach only the merits of her arguments as to those two decisions. *See, e.g.*, *Abernathy v. Wandes*, 713 F.3d 538, 552 (10th Cir. 2013) ("[T]he decision regarding what issues are appropriate to entertain on appeal in instances of lack of preservation is discretionary.").

But before doing so, we address our own subject-matter jurisdiction concerning the district court's remand ruling. We have an independent obligation to police our jurisdiction of course. *See, e.g.*, *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018) ("[W]e have 'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))); *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("[W]e always have an independent obligation—no matter the stage of litigation—to consider whether a case creates a live case or controversy and belongs in federal court.").

And though Ms. Jones makes no cognizable arguments on the subject, at least nominally this remand ruling falls within the ambit of one of her appeals—specifically, within the scope of Case No. 19-6005. *See, e.g.*, R. (19-6005) at 265 (appealing "from the final orders entered by the Honorable Judge Joe Heaton"). Consequently, if we had jurisdiction over the portion of Case No. 19-6005 that encompasses Ms. Jones's possible challenge to the court's remand decision, we could—though likely would not, for the reasons noted above—exercise our discretion to reach the merits of that matter.

Therefore, we first undertake an inquiry to determine whether we could exercise jurisdiction over the district court's remand ruling, and we answer that

10

question in the negative. That is, we could not. After conducting that inquiry, we address on the merits Ms. Jones's arguments with respect to the district court's orders regarding (1) recusal and (2) filing restrictions.

**II**

**A**

"We review the district court's ruling on the propriety of removal de novo." *Parson v. Johnson & Johnson*, 749 F.3d 879, 886 (10th Cir. 2014) (quoting *Frederick v. Hartford Underwriters Ins.*, 683 F.3d 1242, 1245 (10th Cir. 2012)).

Removal of cases to federal court is governed by statute. And Ms. Jones specifically purported to remove her action on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441(b). Appellate review of an order remanding a case to state court is generally prohibited. *See id.* § 1447(d). Despite this general prohibition, however, the Supreme Court has held that § 1447(d)'s bar to appellate review applies only to remands predicated on one of the two grounds enumerated in § 1447(c)—i.e., lack of subject matter jurisdiction or a defect in removal procedure, properly raised by motion. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."); *see SBKS Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th

11

Cir. 1997) (noting that "the only remands immune to appellate review are those predicated upon lack of subject matter jurisdiction or defects in the removal procedure"); *cf. Flores v. Long*, 110 F.3d 730, 732 (10th Cir. 1997) ("[I]n the instant case there was no motion to remand for a defect in removal procedure. Thus, we must determine whether the district court remanded for 'lack of subject matter jurisdiction' under § 1447(c).").

"The district court need not be correct in its determination that it lacked subject matter jurisdiction, however, so long as it made that determination in good faith." *Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir. 1997); *cf. Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."). Where "§ 1447(d) absolutely prohibits appellate review of the [remand] order, . . . we adhere firmly to this prohibition even where we believe that the district court was plainly incorrect." *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001).

We conclude that we lack jurisdiction to review the district court's remand order. Although the district court predicated its sua sponte remand ruling on more than one ground, the court expressly and unequivocally determined that it "lack[ed] jurisdiction over" Ms. Jones's removed case. R. (19-6005) at 252.

12

And, "[h]aving independently reviewed the record," we have no reason to doubt the court's good faith in making this determination. *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998); *accord Flores*, 110 F.3d at 732. Accordingly, we conclude that we lack jurisdiction over Ms. Jones's appeal insofar as it relates to the district court's decision to remand case No. 18-1171 to the state court. Stated otherwise, we lack jurisdiction over the portion of Case No. 19-6005 that encompasses a possible appeal from the district court's remand ruling and dismiss that portion of the appeal.

**B**

But that is not the end of the story with respect to Case No. 19-6005. This appeal centrally involves Judge Heaton's denial of Ms. Jones's recusal motion. That decision was not only the major focus of Ms. Jones's filings before the district court, but also is the principal focus of her appellate briefing. We review a denial of a motion to recuse for abuse of discretion. *See, e.g.*, *United States v. Lowe*, 106 F.3d 1498, 1504 (10th Cir. 1997). "[U]nder that standard we will uphold a district court's decision unless it is an 'arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)).

13

Section 455(a) of Title 28 of the United States Code states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This requirement is intended "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Moreover, a judge "shall also disqualify himself" if the judge possesses "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *see United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987) (noting that "[t]his rule [of § 455(b)(1)] applies to knowledge which the judge obtained extrajudicially, *e.g.*, through prior representation of a party, or by witnessing the events at issue in the proceeding. Section 455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings."); *accord In re Grand Jury 95-1*, 118 F.3d 1433, 1438 (10th Cir. 1997).

Section 455 establishes "an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mathis*, 787 F.3d at 1310 (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)); *accord Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). Consequently,

14

"[t]he scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d at 1269–70 (citation omitted).

The district court did not abuse its discretion in denying Ms. Jones's motion to recuse. Ms. Jones has simply failed to allege facts that would lead a reasonable person to "harbor doubts about [Judge Heaton's] impartiality." *Mathis*, 787 F.3d at 1310 (quoting *In re McCarthey*, 368 F.3d at 1269). Ms. Jones has alleged that

> Judge Heaton was appointed to the bench when Ms. Jones'[s] aunt [who was purportedly the Oklahoma Secretary of State at the time] and uncle we[re] active members of the Republican Party. . . . [And] Ms. Jones was informed by her aunt that she [had] helped appoint Judge Joe Heaton to his current position.

Aplt.'s Opening Br. at 2–3; *see* R. (19-6005) at 88 (stating that Judge Heaton's judicial appointment "was facilitated by . . . [the] [then-]Secretary of State of the State of Oklahoma").

From these factual allegations, Ms. Jones appears to infer that Judge Heaton was "politically influence[d]," R. (19-6005) at 88, and that "he had knowledge about [her] and the cases at hand that were not to be found in [her] pleadings," Aplt.'s Opening Br. at 11. However, even if those factual allegations were true, Ms. Jones's inferences from them would amount to nothing more than

15

sheer speculation and conjecture, and that would not be enough to provide an objective basis for Judge Heaton's recusal. *See, e.g.*, *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988) (noting that "[a]n unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal"). Put another way, even if it were true that Judge Heaton knew Ms. Jones's aunt and uncle, and that her aunt, while Oklahoma Secretary of State, had helped him to be appointed to the federal bench, there would be no reasonable basis to infer from those facts—standing alone—that Judge Heaton was biased against Ms. Jones or had some extra-judicial knowledge concerning her case, so as to justify his recusal. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (providing "a nonexhaustive list of various matters *not* ordinarily sufficient to require § 455(a) recusal," including "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," "prior rulings in the proceeding, or another proceeding, solely because they were adverse," and "mere familiarity with the defendant(s)" (emphasis added) (quoting *United States v. Cooley*, 1 F.3d 985, 993–94 (10th Cir. 1993))); *see also United States v. Dandy*, 998 F.2d 1344, 1349–50 (6th Cir. 1993) (ruling that where district judge's relationship to government witness was declared to be "merely that of an acquaintance, not an intimate, personal relationship" that the relationship "was not of a sufficiently intimate degree to induce a reasonable person with

16

knowledge of all the facts to conclude that [the district judge's] impartiality could be reasonably questioned").

Further, as evidence of Judge Heaton's ostensible bias, Ms. Jones alleges that Judge Heaton presided over one of her prior lawsuits—in which he denied her request to recuse—and that he "'unlawfully' conspired to have the [two] cases [at issue here] assigned to himself." Aplt.'s Opening Br. at 2; *see* Aplt.'s App. at 20, 22, 24 (district court filings that purportedly reflect Ms. Jones's effort to recuse Judge Heaton in a prior case and the transfer of the two cases at issue here to Judge Heaton).

However, even accepting for purposes of decision here that Judge Heaton declined to recuse from, and presided over, one of Ms. Jones's prior cases and received the two cases at issue here through transfer from other judges, without more—and there isn't any more—we cannot infer from these acts a reasonable basis to question Judge Heaton's impartiality or the propriety of his serving as the presiding judge over the two cases at issue. *See Nichols*, 71 F.3d at 351 (noting that "mere familiarity with the defendant(s)" typically was not a matter requiring § 455(a) recusal (quoting *Cooley*, 1 F.3d at 994)); *see also United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) (noting that "adverse rulings cannot in themselves form the appropriate grounds for disqualification" (quoting *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005))).

17

Furthermore, recall that Ms. Jones had sought to recuse every judge in the Western District of Oklahoma and had filed lawsuits against several judges, including Judge Heaton, prompting Judge Heaton to invoke the "rule of necessity" under which "a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'" *Switzer*, 198 F.3d at 1258 (quoting *Will*, 449 U.S. at 213). In this connection, Judge Heaton persuasively reasoned that "[i]t is the apparent practice of Ms. Jones to sue any judge who enters an order contrary to her position in the ongoing divorce or divorce-related dispute(s)" and that such an "approach is potentially never-ending." R. (19-6005) at 251. And, on appeal, Ms. Jones does not meaningfully challenge Judge Heaton's reasoning for applying that doctrine here. Therefore, any such argument is waived. *See, e.g.*, *Nixon*, 784 F.3d at 1366 ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Based on the foregoing, we conclude that Ms. Jones has not give us any reason to question Judge Heaton's decision not to recuse. We therefore determine that he did not abuse his discretion and reject Ms. Jones's recusal challenge.

**C**

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate

18

circumstances." *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam); *Cotner v. Hopkins*, 795 F.2d 900, 902–03 (10th Cir. 1986). We review a district court's imposition of such restrictions for an abuse of discretion. *See Tripati*, 878 F.2d at 354 ("We emphasize that the district court's discretion in tailoring appropriate conditions under which [the plaintiff] may commence and prosecute future lawsuits is extremely broad and that we will not disturb that court's choice of requirements absent abuse of that discretion."); *accord McMurray v. McCelmoore*, 445 F. App'x 43, 45 (10th Cir. 2011) (unpublished).

The district court imposed filing restrictions on January 7, 2019. Those restrictions were consistent with those the court proposed in its earlier, December 17, 2018 order. In the latter order, the district court carefully considered Ms. Jones's litigation history and specifically noted that it had "previously advised [Ms. Jones] that such restrictions would be considered if [she] persisted in pursuing claims which were substantively or procedurally meritless." R. (19-6006) at 30–31. Further, the court described Ms. Jones's "persistent efforts to litigate her divorce-related complaints" in federal court, notwithstanding the absence of jurisdiction in such courts to hear such claims, and noted that her complaints "ha[d] been rejected multiple times, on jurisdictional and other grounds." *Id.* at 31. The court also noted that "Ms. Jones' meritless filings in the

19

Western District [we]re not limited to the cases" involving her divorce, and described several other cases that Ms. Jones had filed, which the district court had sua sponte dismissed as meritless. *Id.* at 32–33. The court expressly informed Ms. Jones of its intention to impose filing restrictions on her and of the nature of the proposed restrictions and gave her fourteen days to respond.

Ms. Jones, however, did not meaningfully do so. Her only filing within the fourteen-day period was her Motion for Reconsideration, which challenged almost exclusively the court's denial of her motion to recuse. Presumably under a very generous construction of this filing, the district court noted that Ms. Jones "apparently also intended to respond [through her Motion for Reconsideration] to the notice as to potential filing restrictions." *Id.* at 40. But the court ruled that, "to the extent that [her] response addresses the proposed filing restrictions, it does not set out any basis for concluding that filing restrictions are unwarranted." *Id.* at 40–41. Accordingly, the court imposed the filing restrictions.

Construed liberally, in her opening brief, Ms. Jones voices two objections to the filing restrictions. First, she primarily complains that "[t]here was absolutely no time to file an appropriate response" to the December 17 order and that she had "asked for more time and [was] refused [it] by" Judge Heaton. Aplt.'s Opening Br. at 6. Second, citing out-of-circuit authority, Ms. Jones highlights the proposition that "[l]itigiousness alone will not support an

20

injunction restricting filing activities," *id.* at 4; presumably, Ms. Jones seeks to make the point that the district court here relied on her litigiousness alone in imposing its filing restrictions.

We need not pause to consider whether Ms. Jones has preserved either objection for our review—given her failure to meaningfully challenge the filing restrictions before the district court—because both are meritless. First, we are hard pressed to find any basis in the record for Ms. Jones's contention that she did not have adequate time to respond to the proposed filing restrictions set forth in the district court's December 17 order. The district court gave Mr. Jones fourteen days to respond, and she has not explained why—nor can we discern any reason why—this would not have been adequate time to respond. Indeed, Ms. Jones did manage to file a response to the court's December 17 order by filing her Motion for Reconsideration a mere two days later on December 19. She simply failed to offer a meaningful challenge to the court's filing restrictions in that motion. And nothing in the record supports Ms. Jones's contention that she "asked for more time and [was] refused [it] by" the district court. *Id.* at 6. Consequently, Ms. Jones's first objection is wholly without merit.

As for her second one, the legal proposition that Ms. Jones underscores—that is, "[l]itigiousness alone will not support an injunction restricting filing activities," *Tripati*, 878 F.2d at 353—is unremarkable and

21

beyond question. However, insofar as Ms. Jones tacitly argues from that proposition that the district court relied here on the sheer volume of her prior filings—standing alone—in imposing its filing restrictions, we cannot agree. Though brief, the district court's comments leave no room for doubt that the court's concern underlying its filing restrictions was the frivolous nature of Ms. Jones's prior filings. In this regard, the court reasoned that it had previously admonished Ms. Jones for "pursuing claims which were substantively or procedurally meritless"; noted that her divorce-related complaints "ha[d] been rejected multiple times, on jurisdictional and other grounds"; and underscored that "Ms. Jones' meritless filings in the Western District [we]re not limited to the cases" involving her divorce. R. (19-6006) at 30–33. Accordingly, we are unpersuaded by any suggestion from Ms. Jones that the district court imposed filing restrictions on her because of her "[l]itigiousness alone." *Tripati*, 878 F.2d at 353.

In sum, we reject Ms. Jones's two objections to the filing restrictions that the district court proposed in its December 17 order and imposed in its January 7 order.

## III

For the foregoing reasons, we **DISMISS IN PART** Ms. Jones's appeal in Case No. 19-6005 for lack of appellate jurisdiction and **AFFIRM IN PART**; as to her appeal in Case No. 19-6006, we **AFFIRM**.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge